Parsons, C. J.
The action is assumpsit by Freto, a minor, who was fifteen years old in 1805, to recover of Brown his earnings in Brown’s service during that year.
The parties have agreed on a case, in which it is stated that the plaintiff’s father is dead, and his mother married to Robert Pierce; that during the year 1805, the plaintiff lived in the family of his father-in-law, and was maintained by him; but was a fisherman in the defendant’s fishing schooner for the season, in which he earned the money demanded in this action, exclusive of the advances made *592 for his use by the defendant, which are deducted. The balance is 71 dollars 87 cents, which Pierce, the father-in-law, also claims.
French for the plaintiff.
Story for the defendant.
The father-in-law is not obliged to maintain the plaintiff, and consequently is not entitled to his earnings. While the plaintiff lived in his family, and was maintained by him, he must be considered a servant de facto as to strangers, who cannot question the right of the father-in-law to his minor’s earnings. But this rule cannot bind the minor. He may quit the family at his own discretion, and can make no contract, which he cannot avoid, except for necessaries. The father-in-law may recover against him for necessaries, upon an implied assumpsit, but he cannot claim his earnings against the minor’s consent. If he could, the earnings might greatly exceed the expenses of maintenance ; the [ * 676 ] whole of which the * father-in-law w'ould receive, and the next moment might turn him out of doors.
In this case, it was intimated that the mother is guardian by nature, and that her right devolves on her husband. We know of no such right of devolution. If the right devolved, the duty must devolve; but it is clear that the father-in-law is not obliged to maintain his children-in-law, whether the mother be living or dead.
Judgment must be entered for the plaintiff for 71 dollars 87 cents, the balance of his earnings, with costs.