Tilghman C. J.
John Lewis Connor who is brought before the Court on this habeas corpus, is an infant of the age of seventeen years and about eight months. He has neither father, master nor guardian, but he has a mother with whom he lived at the time of his being enlisted in the navy of the United States, two or three weeks ago. He claims a discharge on the principle of his contract not being obligatory, by reason of his infancy.
By the eighth section of the first article of the constitution of the United States, it is provided, that the congress shall have power to raise and support armies, and to provide and maintain a navy. In this power are included all *449 powers necessary to effect the object intended. I shall not attempt to draw the line which limits the authority of the congress in their laws for raising armies and providing a navy. But it is certain, that in the navy particularly, the service of persons under the age of twenty-one, may be very useful not only to the country, but to the infants themselves; because practical knowledge of sea affairs, is not to be acquired without early discipline. Granting then for the argument’s sake, (and for the argument’s sake only) that by the common law an infant may avoid any contract by which he has bouud himself to any service, it is to be considered, whether such contract may not be binding by virtue of the act of congress under which enlistments are made for the navy. I have said, that I shall not attempt to draw the line which limits the power of congress, but I think I may safely say, that they have power to give validity to the contract of an infant, who has come to the years of discretion, and who is not subject to the control of any other person. That will be sufficient for the present purpose; for Connor had neither father, guardian nor master. As for his mother, although he owed her reverence and respect, yet she had no legal authority over him. Assuming then that congress have the power which I have mentioned, let us see how far they have exercised it. By the act of 31st January 1809-, the President is authorized to cause to be engaged and employed 800 midshipmen, and 3600 able-bodied seamen, ordinary '-seamen and boys, who shall be engaged to serve for a period not exceeding two years. It may be said that the intention was, that boys might be employed, with the consent of their fathers, guardians or masters. But suppose there is no father, guardian or master. In such a case it appears to me that the intention was that the infant might contract for himself. Such intention, is entirely consistent with-the words of the law, may be productive of good consequences, and is attended with no evil. The country is benefited, the right of no person is violated, and helpless unprotected infants, may be put in the way of earning a decent livelihood, and becoming useful citizens. It is impossible to say in any individual case, whether engaging in the navy will be attended with good or bad consequences. But it may safely be taken as a principle, that to an infant without father, guardian or master, it is a beneficial contract. I am the more induced to put this construction on the act in question, because, on adverting to an act respecting the army passed 16th March 1802,1 find it is provided that “no person under the age of twenty-one years shall be enlisted *450 by any officer, or held in the service of the United States, without the consent of his parent, guardian or master first had and obtained, if any he have.” This proviso is altogether omitted in the act respecting the navy, so that a question might be made, whether infants may not engage themselves in the navy even without the consent of parents, masters or guardians. Concerning that I intimate no opinion, but confine myself to the case before the Court. Connor is of an age to comprehend fully the nature of the engagement which he has made, and at the time of making it, there was no person who had any lawful authority over him. In such case, I am of opinion, that the congress had power to authorize him to make a binding contract for engaging in the service of his country, and that they have authorized him. He must therefore be delivered to Commodore Murray his commander.
Yeates J.
By the express terms of the eighth section of the first article of the Constitution of the United States, congress have “ power to provide and maintain a navy;” and must therefore possess the inherent right of enacting such laws as may be found necessary to effectuate that object, Although in so doing they may interfere with the particular provisions of individual states.
The question arising on the return of this habeas corpus, is what is the true construction of the act of congress of 31st January 1809, which authorizes the President of the United States to engage and employ 3600 able bodied seamen, ordinary seamen and boys? It does not contain the provisions made in the eleventh section of the act of 16th March 1802, as to the army “ that no person under the age of twenty-one years, shall be enlisted by any officer, or held in the service of the United States, without the consent of his parent, guardian or master, first had and obtained, if any he have.” 6 U. S. Laws 17. I see no ground whatever to doubt the constitutionality of either of these laws.
It has not been contended by the attorney for the district, that an infant under the years of discretion, or one whose services have been engaged by a prior contract, can lawfully engage in the navy of the United States, but that at all events a mother after the death of the father has no legal right to prevent her son from forming such engagement.
The father is entitled to the services of his sons while they live with him, but however strange it may appear, the mother has no such right. Wood’s Inst. 64 ; 1 Bla. Com. 453; 1-Woodes. 451.
*451 Infants are shielded by the policy of the law, from the effect of contracts, which may terminate in their ruin ; but-they cannot avoid every contract made during their infancy, which may tend to their benefit. They are supposed to have discretion for particular purposes. They may marry during their nonage; and it has been said that if an infant at the age of fifteen marries, he may take up provision for his wife and children.' Carter 215. At the age of fourteen they may choose guardians, or may make a will of personal estate. Fitzgib. 176 ; Gilb. Rep. 74. Their contracts are not void but voidable only. 1 Burr. 566. If they do a right act which they ought to do, or which they were compellable to do, they shall be bound thereby. 3 Burr. 1801. Where the minor has a probable benefit at the time which may result from the contract, he shall not avoid it. 3 Bac. 598.
Here then a lad above seventeen years and seven months old, has voluntarily engaged to serve in the navy of the ^United States for two years. His father is dead, and his mother has no legal right to his services. He is under no pre-contract. The interests of third persons are not affected by his present engagement. He owes a duty to his country as well as an adult; and this Court cannot do otherwise than presume, that the contract he has made is for his benefit. I am therefore of opinion, that he cannot now avoid it, and of course that he be remanded to his superior officer.
Brackenrid&e J.
I agree in remanding the boy, but not for the same reasons which have been given by the other judges. I agree it to be a principle of the common law, that an infant cannot bind himself by indenture, nor contract for more than such necessaries as become the estate which he has, or which may come to him. He may however contract for his necessary subsistence and clothing, because these are essential to his existence. In the present instance the boy has neither father nor guardian, nor any means of livelihood, except the trade of a shoemaker, which his health would not permit him to pursue. He is not of an age to have the ability of a day laborer, and no-employment could offer to him as a means of gaining subsistence, but upon a contract for time, as a year or the like. The present contract gives him subsistence and clothing. The common law therefore warrants it, because it is both necessary and beneficial. Courts have a superintending control over such cases, and can relieve where the contract is injurious or not beneficial ; and this is a sufficient security for the infant. I ex- *452 elude all idea of the act of congress. It has nothing to do •with it. I will not look at it. It can give no authority to the other contracting party, to a slave, or a feme covert. Congress cannot change the principles of the common law. They have not the whole power of the people delegated to them. The legislature of the state may do it. Their power over the common law is without limitation. It is said that congress have all necessary powers to carry their express powers into effect, This principle of construction will include every imaginable power; I am against the extension of it further than it has hitherto been carried. Encroachments have already been made under the cover of this principle. In the case of the Bank of the United States it was strongly contested; a case upon *which many have changed their minds, who once denied the authority of congress to pass that law. I incline myself to think that some such law will be found necessary. But to justify under it the enactment of such a law as that of 1797, which sweeps the whole property of a debtor from his private creditors, and gives all to the United States, is monstrous. To give the argument that has been used in this case its true consequences, it will justify impressment, or any act whatsoever which can be plausibly urged as convenient or necessary to a naval establishment. I cannot agree to it.
Prisoner remanded.
[Cited in 7 Barr, 338; 3 Gr. 454, 567 ; 6 Phila. 178; 7 id. 77, 79 ; 9 Wr. 337.]