### AMBROSE WHITING *versus* JOHN EARLE, Principal, and WILLIAM H. HOWARD, Trustee.

Where a minor son makes a contract for his services on his own account, and his father knows of it and makes no objection, there is an implied assent that the son shall have his earnings; so that, unless there is a design to defraud the father's creditors, the son's employer will not be liable in a process of foreign attachment as the father's trustee.

HOWARD, in his answer, stated, that at and before the time of the service of the writ, Enoch Earle, a son of John, and then under age and living in his father's family, was in the respondent's employment, having been hired at the rate of one dollar per day and his board; that at the time mentioned 48 dollars were due for his wages and board, he having boarded in his father's family; that the respondent made the contract with the son, and had never had any conversation with the father on the subject.

In answer to interrogatories put by the son, who moved that he might be allowed to become a party to this suit, the respondent said, that since the service of the writ he had been informed by the father, that before the son was employed by him, the father had given him his time and relinquished all right to receive payment for his services, in order to enable him to support himself; that accordingly the son had supported himself, made his own contracts, and uniformly paid the father for his board. The respondent further stated, that soon after the service of the writ he was informed by the son, that his father had no claim to his wages.

*A. Denny* contended that Howard ought to be charged as trustee upon his general statement, without regard to his answers to the interrogatories put by the defendant's son. A father's right to the services of his son is not lost by his neglect to support the son; nor by permitting him to make a contract for such services; but in this latter case the son is to be considered as the father's agent. There was no evidence here of an assignment of the son's earnings, and such an assignment to the prejudice of the plaintiff, who was a creditor at the time of the supposed emancipation of the son, would have been fraudulent. *Benson* v. *Remington*, 2 Mass. R. 113;

*Oct. 6th.*

Whiting
*v.*
Earle & Tr.

*Nightingale* v. *Withington*, 15 Mass. R. 272 ; Reeve's Dom
Relat. 291 ; *Jenney* v. *Alden*, 12 Mass. R. 378.

*J. Davis* and *Allen, contrà,* relied on *Benson* v. *Remington*
and *Nightingale* v. *Withington* ; they cited likewise *Adams* v.
*Robinson and Tr.* 1 Pick. 462.

*Oct. 8th.* PARKER C. J. said, in substance, that although the general
principle is clear, that a father is entitled to the earnings of
a son while under age, yet the Court thought it equally clear
that he might transfer to the son a right to receive them.
This is necessary for the encouragement of young men ; and it
is often convenient for a father wishing to be relieved from the
burden of supporting his son, to allow him in this manner to
support himself. Where such a contract is entered into with-
out any fraud, for the advantage of the son, on the principles
of common justice and according to decided cases, he is en-
titled to the profits of his own labor.[1] We go so far as to say,
that where a minor son makes a contract for his services on
his own account, and the father knows of it and makes no
objection, there is an implied assent that the son shall have his
earnings.

*Trustee discharged.*

---

[1] *Burlingame* v. *Burlingame,* 7 Cowen, 92; *Morse* v. *Welton,* 6 Connect.
R. 547 ; *Chilson* v. *Phillips,* 1 Vermont R. 41; *Gale* v. *Parrot,* 1 N. Hamp.
R. 28; *Jenny* v. *Alden,* 12 Mass. R. 375 ; *Angel* v. *M'Lellan,* 16 Mass. R. 28;
*Keen* v. *Sprague,* 3 Greenl. 77; *Plummer* v. *Webb,* 4 Mason, 380 ; *Whipple* v.
*Dow,* 2 Mass. R. 415; *Dawes* v. *Howard,* 4 Mass. R. 97 ; *Freto* v. *Brown,* 4
Mass. R. 675; *Commonwealth* v. *Hamilton,* 6 Mass. R. 273 ; *Emery* v. *Gowen,*
4 Greenl. 33; *Commonwealth* v. *Murray,* 4 Binn. R. 492 ; *Eubanks* v. *Peak,*
2 Bailey, 497. See *King* v. *Wilmington,* 5 Barn. & Ald. 525 ; *Sumner* v.
*Sebec,* 3 Greenl. 223.