MORRIS *vs.* LOW and ROGERS.

## MORRIS *vs.* LOW and ROGERS.

1. *It seems*, that a mother has no power, as the natural guardian, to make a binding contract with a third person, for the service of her daughter, until she arrives of age.
2. But it is clear, that no such contract is obligatory, if by parol.

In this case an action of trespass *vi et armis*, was instituted by the plaintiff in error, in Lauderdale Circuit Court. The declaration charged the defendants with having taken out of the possession of the plaintiff, by violence, a servant girl, who had been apprenticed to him. The proof offered was, that the mother of the child had entered into a parol contract with the plaintiff, by which the child was to serve the plaintiff for a certain time. The Court in reference to the proposed evidence of this contract, charged the jury, that a binding should have been by indenture ; and that the contract being by parol, was not obligatory. The jury found a verdict for the defendants, and the plaintiff having excepted, took a writ of error.

TAYLOR, J.—The only point to be considered in this case, is, whether the mother, as a natural guar-

dian to the daughter, can bind her during her minority, to a third person, by parol.

Were it necessary to decide upon the power of the mother to make with a third person a binding contract, for the services of the daughter, until the latter became of age, we should, under present impressions, decide that the mother has no power, as natural guardian, thus to dispose of her child.[a]

But, admitting she possesses this power, we are of opinion, the contract must be by deed; and, if made by parol, is not obligatory.[b]

The judgment must be affirmed.