<hr />

## James A. Worcester *et ux. versus* George R. Marchant.

Jnder the *St.* 1784, *c.* 72, § 11, which provides that every master of a ship that shall carry or transport out of this government an infant, &c., without the consent of his parent, &c., shall be liable for the damages sustained by the parent, &c., in a special action of the case, no action can be maintained by the infant's mother and stepfather, for they have no legal right to the minor's society or services.

Action on the case brought by James A. Worcester and his wife Prudence Worcester. The declaration alleged, that the defendant, on the 29th of December, 1827, was the master of the ship Loan, then at Edgarton ; that he, on that day, being bound on a whaling voyage to the South Sea, took and received on board of his ship one William Frost, a minor of

the age of eighteen years, a son of Prudence Worcester by a former husband deceased, and immediately set sail, and carried and transported the minor out of this commonwealth to Oahu, in the Sandwich Islands, without the consent of Prudence or of her husband, or of any master or guardian of the minor, contrary to *St.* 1784, *c.* 72, § 11 ; by means whereof Prudence has wholly lost the benefit and comfort of the society, work, labor, earnings and services of the minor, from December 29, 1827, to April 22, 1831, the date of the writ, and an action has accrued to her in her right and to James A. Worcester to recover her damages, by force of the statute, against the defendant.

The statute of 1784, *c.* 72, § 11, provides, " that every master or commander of any outward-bound ship or vessel, that shall hereafter' carry or transport out of this government any person under the age of twenty-one years, or any apprentice, or any indented servant, to any parts beyond sea, without the consent of his parents, master or guardian, shall forfeit and pay the sum of fifty pounds ; one moiety to the use of this government, and the other moiety to him or them that shall sue for the same ; and. be further liable for the damages sustained by the parent, master or guardian, in a special action of the case."

After a verdict for the plaintiffs, the defendant moved in arrest of judgment, 1. because no legal cause of action was set forth in the declaration ; 2. because the claim for damages in the declaration, includes a claim for damage to Prudence Worcester on account of the loss of the work, labor, earnings and services of the minor.

*Dunlap*, for the defendant, objected to the action on several grounds ; among others, that these plaintiffs had no legal right to the services or society of the minor, but that he was entitled to his own earnings. 2 Kent's Com. 163 ; *Freto* v. *Brown*, 4 Mass. R. 675 ; *Commonwealth* v. *Hamilton*, 6 Mass. R. 273.

*Oct.* 18th.

*S. D. Parker* for the plaintiffs. This action given by the statute is no assumpsit to recover the earnings of the infant carried away, but an action *ex delicto* for the damages sustained by the parent in consequence of that act. The legisla-

Worcester
v.
Marchant

April term
1834.

ture regarded not merely pecuniary damage, but likewise the injury to the feelings of a parent. The mother derives comfort from the society of her child, notwithstanding her second marriage ; and if he had returned disabled, and incapable of supporting himself, she would still remain liable for his maintenance, if she were of sufficient ability. *St.* 1793, *c.* 59, § 3.

PUTNAM J. delivered the opinion of the Court. The main question is, whether there is a legal cause of action set forth in the declaration.

It has been suggested that the plaintiff, James A. Worcester, the husband, has deceased since the commencement of the action ; but we have considered the case as it existed when it was commenced.

It proceeds upon the ground, that the father-in-law and the mother have a right to the services of her minor son during his minority ; but we think that the case of *Freto* v. *Brown*, 4 Mass. R. 675, is decisive against the right claimed. In that case it was determined, that a minor whose father is dead and whose mother afterwards married, is entitled to his own earnings while in the service of a third person.

It is clear that the father-in-law is under no legal obligation to support his son-in-law. The son-in-law has no home in the house of his father-in-law. He may turn the son-in-law out of doors when he pleases. The only claim which the father-in-law has, is that which a stranger has, for necessaries furnished to the minor.

In the *Commonwealth* v. *Hamilton*, 6 Mass. R. 275, it was held that the mother, by her second marriage, ceased to have the power of controlling her own actions, and the power of supporting and educating her child.

In *Tubb et al.* v. *Harrison*, 4 T. R. 118, it was decided that the husband is not bound to maintain his wife's child by a former husband. The statute of 43 *Eliz.* c. 2, § 7, extends to natural relations. Our statute of 1793, *c.* 59, § 3, must have the same construction. Mr. Christian, in 1 Bl. Comm. 449, note, thinks that if the wife had a separate property, an order might be made upon her alone. But in this case there are no facts stated, which call for a decision upon that point.

And if the action were by the mother alone, it does not ap

pear that she was of sufficient ability to be lable, under the statute last cited, or that the son was a pauper in need of her assistance and relief.

Besides, under the statute, children or grandchildren of sufficient ability are liable to maintain their parents or grandparents who are paupers. And if the right to the services should follow the liability under the pauper act, the children would have a right to the services of the parents, as well as the parents to the services of the children. The statute relating to paupers, therefore, may be laid out of this case.

This young man, for aught that appears, voluntarily entered into this service, being of a proper age, and the employment was such as was apparently useful to him and beneficial to his country. If he behaved himself well and returned, he, and not his father-in-law and mother, would clearly be entitled to his share of the proceeds of the whaling voyage.

After the second marriage, the plaintiffs could not claim damages for the loss of the society, any more than for the earnings of the minor ; for the rights and duties must be reciprocal. If he had no claim upon them for support, they could have no claim upon him for his society or labor.

It is the opinion of the whole Court, that the judgment must be arrested.