## Pray *versus* Gorham.

A mother, after the death of her husband, has no authority to assign, *by parole*, the services of her minor child, for the period of its minority, even though by the contract, the compensation for the services be made payable to the child.

Notwithstanding such a contract, even if made with the assent of the child, the child may, at any time, leave the service of his employer, and recover from him what his past services were reasonably worth.

In such a case, there is no validity in the ground, taken in defence, that it is not the child, but the mother who is entitled to the wages.

Exceptions, taken by the defendant.

Assumpsit by a minor, to recover for several years labor, rendered by him whilst between eight and seventeen years of age.

The defendant introduced evidence tending to show, that the plaintiff's father being dead, his mother with the consent of the plaintiff, then under eight years old, contracted that the plaintiff should serve the defendant till twenty-one years of age, for which the defendant was to provide food, clothing, and schooling, and, at the close of the term, pay the plaintiff a specified sum of money; and that the plaintiff left his employ long before the stipulated term of service had expired. The defendant also insisted that the mother, and not the child, was entitled to the wages. *Dedham* v. *Natick*, 16 Mass. 135, 140; *Nightingale* v. *Withington*, 15 Mass. 274; *Lord* v. *Poor*, 10 Shepl. 569; *White* v. *Henry*, 24 Maine, 531; *Kane* v. *Sprague*, 3 Maine, 77.

The testimony of the mother was admitted for the plaintiff, against the objection of the defendant, to prove what sum the defendant was to pay upon the contract. Her testimony as to the amount, was in conflict with the evidence introduced by the defendant.

The trial was before HOWARD, J., who instructed the jury, *that* the plaintiff was not bound by the parol agreement, made by his mother or by himself; *that* he had a right to leave the defendant's service at any time, and *that* he might in this suit, recover the value of his services, deducting what the defendant had suffered, (if any thing,) from the plaintiff's leaving the defendant's service, as proved.

*Ludden*, for defendant.

*Little* and *Morrell*, for plaintiff.

SHEPLEY, C. J. — By statute of 1821, c. 170, § 1, and as revised, c. 90, § 1, children under the age of fourteen years may be bound as apprentices or servants until that age, by the mother, after the death of the father. But this power ceases on her subsequent marriage, c. 88, § 4. While the power exists, it can be exercised only according to the provisions of the stat-

ute, by an indenture of two parts, signed by both parties, c. 90, § 3. While the mother, after the death of the father, remains unmarried, she is entitled to the care and education of her minor children, c. 110, § 5; but this does not authorize her to make contracts with other persons for their services in a manner not authorized by statute, or to receive compensation for services rendered in consequence of an unauthorized contract.

The contract proved in this case was entirely unauthorized and inoperative ; for it was not made by indentures signed by the parties, and it attempted to bind the infant until he was twenty-one years of age. The instructions were correct, that the minor was not bound by it.

It is contended, that the plaintiff can maintain no action to recover compensation for his labor, because his mother was, after the death of his father, entitled to his earnings. The case of *Nightingale* v. *Withington*, 15 Mass. 272, is relied upon as authority, where PARKER, C. J. says, "generally the father, and in case of his death, the mother, is entitled to the earnings of their minor children." A minor child may consent to become the servant of the mother, and she may make a contract with another person for his services, as she would for the services of any other person, who had for the time being become her servant, and may in such case recover for those services. *Clapp* v. *Greene*, 10 Metc. 439. If it be intended to declare, that the mother, after the death of the father, is entitled to the earnings of a minor child, in the same manner as the father while alive was entitled to them, the position cannot be sustained. 1 Bl. Com. 453 ; *Commonwealth* v. *Murray*, 4 Binn. 487 ; *People* v. *Mercien*, 3 Hill, 400 ; *Morris* v. *Law*, 4 Stew. & Port. 123. In this case the mother did not attempt to make a contract for her own benefit, but for the benefit of her child.

It is further insisted, that the exclusion of the answer to the third interrogatory, in the deposition of Minerva W. Turner, was erroneous. That answer would prove a conversation between the mother of the plaintiff and the wife of the de-

fendant, which would not contradict the testimony of the mother. And another conversation between the grandfather and grandmother of the plaintiff, and the defendant and his wife, which could have no effect upon the rights of the plaintiff. The answer was therefore properly excluded.

*Exceptions overruled.*