Boynton *v.* Clay.

---

SETH W. BOYNTON, *pro. ami, vs.* HENRY W. CLAY.

*A minor may sue for his own services.*

A minor may maintain an action by his mother and next friend, with her consent, on an express contract for his services, made on his own account, after the death of his father.

ON EXCEPTIONS.

ASSUMPSIT by the plaintiff, who is under the age of twenty-one years, by his mother and next friend, to recover for four months' and seventeen days' labor.

There was evidence on the part of the plaintiff tending to show that he contracted with the defendant to labor for him six months for fifty dollars and board; that he labored from May 7th to Sept. 24, 1866, and then left because the defendant required him to work on the Sabbath; that the plaintiff's father was deceased at the time he made the contract, and his mother resided in Massachusetts; that he was sixteen years of age; that the plaintiff had paid him twelve dollars and thirty cents; and that he called for his pay when he quit, but the defendant refused to pay. It also appeared that the plaintiff was never emancipated.

On the part of the defendant there was evidence tending to show that the contract was that the plaintiff was to stay with the defendant one year for fifty dollars, with the privilege of going to school four months; that the defendant did not require the plaintiff to work on the Sabbath, and that the plaintiff's mother had a husband living.

The case was taken from the jury and referred to the presiding judge, with right to allege exceptions in matters of law.

After the evidence was all in, the defendant moved for, and the presiding judge ordered a nonsuit, for the reason that the action could not be maintained in the name of the plaintiff. Whereupon the plaintiff alleged exceptions.

*A. G. Stinchfield,* for the plaintiff.

*A. Libby,* for the defendant.

APPLETON, C. J. A minor, by the consent of his father, may go out to service and receive his earnings. He may maintain an action, for the value of his labor, against the person employing him, either upon the express contract when there is one, or upon an implied contract. *Corey* v. *Corey,* 19 Pick. 29; *Bubier* v. *Bubier,* 39 Maine,

406; *Burlingame* v. *Burlingame*, 7 Cow. 92. "We go so far as to say," observes Parker, C. J., in *Whitney* v. *Earle*, 3 Pick. 201, "that when a minor son makes a contract for his services, on his own account, and the father knows it and makes no objection, there is an implied assent that the son shall have his earnings."

Here the defendant contracted with the minor. The father having deceased, the mother can have no greater rights than he had, whatever hers may be. The mother has in no way interfered adversely to her son; but, on the contrary, she appears in court as his next friend to aid in the prosecution of his claim, and, therefore, her assent, if it was necessary to have it, may well be inferred.

*Exceptions sustained.*

CUTTING, KENT, DICKERSON, BARROWS, and TAPLEY, JJ., concurred.