HOLLINGSWORTH *v.* SWEDENBORG ET UX.

PARENT AND CHILD.—The father is entitled to the services of his minor children, or to the proceeds of their labor, if they work for others, while they are supported by him.

SAME.—The mother has a right to the wages of her infant child, after the death of the father, so long as it remains a member of her family and is being provided for by her

SAME.—*Earnings of Child.*—Where the mother of an infant daughter is married to a second husband, and the daughter does not live with the mother, and is not provided for by her, but is allowed to receive and appropriate to her own use the wages she earns, the mother cannot, in the absence of an express promise to pay her, recover such wages.

From the Tippecanoe Circuit Court.

*H. W. Chase, J. A. Wilstach, J. M. LaRue,* and *S. E. Ball,* for appellant.

*W. C. Wilson* and *J. H. Adams,* for appellees.

DOWNEY, J.—Action by the appellees, husband and wife, against the appellant. The facts stated in the complaint are, that the female plaintiff was formerly the wife of one Johnson, who died, leaving a daughter by the said female plaintiff, named Christena ; the widow, the female plaintiff, then intermarried with her co-plaintiff, Manuel Swedenborg ; the mother entered into an agreement with the defendant that the daughter, then a minor, should work for the defendant for an indefinite time, at two dollars. a week, which the defendant agreed to pay to the mother ; the daughter worked for the defendant from the 5th day of October, 1867, until the 1st day of August, 1870, in all one hundred and forty-six weeks and five days; that the defendant refused to pay for the same, and still refuses, etc.

Answer, a general denial, with an agreement that all matters which could be properly pleaded might be given in evidence under that issue.

Trial by jury and verdict for the plaintiffs. Motion for a new trial overruled, and judgment on the verdict.

Errors alleged, overruling the motion for a new trial, and that in arrest of judgment.

The daughter testified, with reference to the contract, as follows :

" My mother and Mr. Hollingsworth agreed that I should

work for him at two dollars per week; I was present at the contract," etc.

The evidence does not show any express promise on the part of the defendant to pay the wages to the mother, as alleged in the complaint. The evidence shows that the defendant was allowed for clothing, money, etc., furnished to the daughter, so that, although the work would amount to over two hundred and ninety dollars, the verdict and judgment were for only one hundred and fourteen dollars and sixty-five cents. The defendant testified that he had paid the daughter the whole amount due from him. She had got married.

It seems to be settled that the father is entitled to the services of his minor children, or to the proceeds of their labor, if they work for others, while they are supported by him. 1 Bl. Com. 453; *Jenison* v. *Graves*, 2 Blackf. 440. Independent of statutory enactment, there is no legal obligation on a parent to maintain his child. The common law considered the performance of the moral obligation and duty, as better secured by the impulses of our nature than by legal enactments. The duty is one of imperfect obligation, that is, a duty for the enforcement of which the law provided no remedy. In England, except by virtue of an act of parliament in the reign of Elizabeth, there was no remedy provided. By that statute, the duty was enforced by means of an assessment by the justices in quarter sessions, to be paid under a penalty of twenty shillings for every month that the party refused to pay. We have no such tribunal.

Mr. Chitty says: "Independently of the express enactment in the 43 Eliz. c. 2, and other subsequent statutes, there is no legal obligation on a parent to maintain his child, and therefore a third person, who may relieve the latter even from absolute want, cannot sue the parent for a reasonable remuneration, unless he expressly or impliedly contracted to pay." He further says: "Though independently of an express contract, or one implied from particular facts, a father cannot be sued for the price of necessaries provided for his infant son, yet very slight circumstances will suffice to justify a jury in finding a

contract on his part." Note 1 to p. 448, 1 Bl. Com.; *Kelley* v. *Davis*, 49 N. H. 187 ; 1 Cooley Bl. 448, n. 2, and cases cited.

Hence, we think the statement of the rule, with reference to the right of the father to the services of his minor child, making it dependent upon the condition that the child is maintained by the father, must be correct. For if the father does not maintain the child, and is under no obligation enforceable by law to do so, the child must, of necessity, be entitled to its own earnings, or have no means of subsistence. That the father's right is thus conditional upon his maintenance of the child, is expressly decided in *Farrell* v. *Farrell*, 3 Houst. Del. 633. GILPIN, C. J., says, in delivering the opinion :

" Whilst it is the duty of a father to nourish, support and maintain his minor child, it is equally the duty of such child to obey and serve his father, in all that may be reasonably required of him. These duties are reciprocally binding upon the parties ; support and maintenance on the one hand and obedience and service on the other, the one being dependent upon, and compensatory of the other. And, although the general principle is clear and unquestioned, that the father is entitled to the services of his minor child, and to all that such child earns by his labor, yet, it seems to be equally clear, that, as the right of the father to the services of the child is founded upon his duty to support and maintain his child, if he should fail, neglect, or refuse to observe and perform this duty, his right to the services of his child should cease to exist. And such we hold to be the law. I speak here of the civil rights and duties or obligations which belong to the relation of parent and child. Human laws deal with these alone. There are, undoubtedly, other and higher duties of a moral and religious nature growing out of this relation, which are beyond the cognizance of any human tribunal, and with which you, of course, have nothing to do, so far as this case is concerned."

In ' *United States* v. *Bainbridge*, 1 Mason, 71, STORY, J., following the language of 1 Blackstone, 453, in substance, says :

" By the common law, also, a father is entitled to the ben-efit of his children's labor, while they live with him, and are maintained by him but this (as has been justly observed) is no more than he is entitled to from his servants.''

The right of the mother, when left a widow, to the services and earnings of a minor child is more doubtful than that of the father.

In *The O. & M. R. R. Co.* v. *Tindall,* 13 Ind. 366, where the mother had sued the railroad company for the killing of her son, it was said :   " We think the action maintainable in her name.   She was the natural guardian of her infant son, after the death of his father, and as such had the control of his person ; and, as he remained a member of her family, she had a right to his wages."   Here her right was conceded, but placed on the ground, among others, that the son remained a member of her family.   Her right is recognized and stated in the same form in *Matthewson* v. *Perry,* 37 Conn. 435.

In *Gray* v. *Durland,* 50 Barb. 100, and *Simpson* v. *Buck,* 5 Lansing, 337, it was decided, the latter case being based on the former, that the mother of an infant child whose father is dead, may maintain an action for the services of the child, in cases in which the father, if living, might have sued.

On the contrary, in *Fairmount, etc., Co.* v. *Stutler,* 54 Penn. St. 375, it was decided that the mother was not bound for the maintenance of the minor son, and, in consequence, had no implied right to his services.   The same was held in *E. B.* v. *E. C. B.,* 28 Barb. 299.

In *Pray* v. *Gorham,* 31 Me. 240, it was said, by SHEPLEY, C. J.: " If it be intended to declare, that the mother, after the death of the father, is entitled to the earnings of a minor child, in the same manner as the father while alive was entitled to them, the position cannot be sustained."   He cites, in support of his statement of the law, 1 Bl. Com. 453; *Common-wealth* v. *Murray,* 4 Binn. 487 ; *People* v. *Mercein,* 3 Hill N. Y. 400 ; *Morris* v. *Low,* 4 Stew. & P. 123.

On this point and to the same effect we cite, *United States* v. *Bainbridge, supra,* and *Freto* v. *Brown,* 4 Mass. 675.

It seems to us, that, considering these authorities *pro* and *con*, the right of the mother, at best, cannot be put on any ground more favorable to her than that stated in *The O. & M. R. R. Co.* v. *Tindall, supra;* that is, that the mother has a right to the wages of her infant child, after the death of the father, so long as it remains a member of her family ; which implies, we think, that the child is being provided for by her.

As, in the case under consideration, the daughter was not a member of the family of the mother, or provided for by her, but, on the contrary, appears from the evidence to have been allowed to receive and appropriate to her own use the wages which she earned, she was entitled to such wages, and her mother was not. It may be remarked, also, that in all the cases which we have found, where the mother was held entitled to the services and wages of the minor child, the mother has been a widow. We have found no case where the mother after marrying again has been held to be entitled to the services and wages of the minor children of the former marriage, earned after her marriage.

The stepfather cannot be made liable for the support of his wife's children by a former husband, and there would seem to be no good reason why he should, in an action in her name or in both of their names, recover the wages of the child.

Had the minor daughter lived in the family of the stepfather, and been supported by him, he would have been entitled to her services, unless a contract to the contrary had been made. *Williams* v. *Hutchinson,* 3 Comst. 312 ; S. C., 5 Barb. 122.

Had there been an express promise by the defendant to pay the wages to the mother proved, perhaps the rule would have been different.

In *Pray* v. *Gorham, supra,* it is said : " A minor child may consent to become the servant of the mother, and she may make a contract with another person for his services, as she would for the services of any other person, who had for the time being become her servant, and may in such case recover

for those services." *Clapp* v. *Green*, 10 Met. 439, is cited in support of the statement.

The complaint hardly brings the case within the rule thus stated, and we think it was insufficient.

The evidence was not sufficient to justify the verdict of the jury.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the motion in arrest of judgment.