A. W. WHITEHEAD ET AL., Respondents, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

### St. Louis Court of Appeals, May 4, 1886.

1. PLEADINGS—COMMON CARRIERS—DAMAGES.—A petition for the recovery of damages for an injury caused by a railroad company to a passenger, which does not affirmatively state that such passenger was rightfully on the company's cars, is fatally defective.

2. DAMAGES—RAILROADS.—A plaintiff, who, in violation of the regulations of a railroad, of which she has notice, puts her child upon a freight train, can not recover for injuries occasioned by the negligence of the railroad employes who took the child in known violation of such rules.

3. PARENT AND CHILD—INFANTS.—*Semble* that the mother of a minor child whose father is dead, is entitled to the child's services while she supports it.

4. ——— A mother's right to her minor child's services ceases when she re-marries and the child is supported by its step-father.

5. ——— A step-father's right to the services of his wife's minor child is co-extensive only with the expenses by him incurred in its maintenance.

APPEAL from the Jefferson County Circuit Court, JOHN L. THOMAS, Judge.

*Reversed.*

GEORGE H. BENTON, for the appellant: The petition fails to state facts sufficient to constitute a cause of action, because it fails to state that James N. Whitehead had paid his fare and was a passenger on the extra freight train, and fails to state that the extra freight train was a passenger-carrying train. *Snyder v. Railroad*, 60 Mo. 413; *Robertson v. Erie Co.*, 22 Barb. 91; *Isaacs v. Third Ave. Co.*, 47 N. Y. 122; *Parker v. Erie Co.*, 5 Hun 57; *Kimball v. Railroad*, 26 Vt. 247;

*Shaw v. Railroad*, 6 Eng. R. Cases 87 ; *Navigation Co. v. Merchants' Bank*, 6 How. (U. S.) 344 ; *Railroad v. Nichols*, 11 Am. L. R. (U. S.) 35 ; *Railroad v. Derby*, 11 How. (U. S.) 468 ; *Steamboat v. King*, 16 How. 469. The plaintiffs are not entitled to recover because the mother of James N. testified that she knew when she permitted her son to go on to the train for a free ride that the carriage of passengers was prohibited on that train by the regulations of the company. *Eaton v. Railroad*, 57 N. Y. 382 ; s. c., 13 Am. L. Reg. 665, with note by Judge Redfield ; *Dunn v. Railroad*, 58 Me. 328 ; Thompson on Car. 328 ; *Creed v. Railroad*, 86 Pa. St. 139 ; *Railroad v. Montgomery*, 7 Ind. 474 ; *Lucas v. Railroad*, 33 Wis. 41 ; Thompson on Car. 345 ; *Railroad v. Moore*, 49 Texas 31.

DINNING & BYRNS, for the respondents : The petition is good, and to the maintenance of this action it is not essential that fare should have been paid, or that the "train was a passenger-carrying train." Thompson on Carriers, 328 ; *Sherman v. Railroad*, 72 Mo. 62 ; *Wilton v. Railroad*, 107 Mass. 108 ; *Higgins' Guardian v. Railroad*, 36 Mo. 418 ; *Railroad v. Derby*, 14 Howard (U. S.) 468 ; *Railroad v. Montgomery*, 7 Ind. 474 ; *Gillenwaler v. Railroad*, 5 Ind. 340 ; *Railroad v. Muhling*, 30 Ill. 9 ; *Lucas v. Railroad*, 33 Wis. 41 ; Thompson on Carriers, 344 and 345 ; Sherman and Redfield on Negligence (2 Ed.) sects. 263 and 264 ; *Nolton v. Railroad*, 15 N. Y. 444. The defendants' agents and servants knew of the regulation ; if it was violated, they did it. "The principal should bear the loss or injury arising from such violation, rather than strangers." *Dunn v. Railroad*, 58 Me. 187 ; Story on Bailments, sect. 558 ; *Railroad v. Chenewith*, 52 Pa. St. 380 ; *Carroll v. Railroad*, 1 Duer 578 ; *Kelly v. Railroad*, 70 Mo. 604 ; *Railroad v. Greenwood*, 79 Pa. St. 373 ; *Creed v. Railroad*, 86 Pa. St. 139.

Rombauer, J., delivered the opinion of the court.

This is an action by the mother of an infant, to recover for the loss of his services, resulting from injuries caused to him by the negligence of the defendant's employes. Her husband, the stepfather of the infant, is joined as a co-plaintiff.

The petition states, in substance, that on or about January 10, 1885, at De Soto, a station of the defendant's railroad, the servants and employes of the defendant in charge of an extra freight train, took and received plaintiffs' boy on said freight train for a ride down the said railroad, and while the said boy was on the said train, he was permitted by the said servants negligently to remain asleep, when a collision occurred, which said servants had reason to anticipate, and had negligently failed to prevent, resulting in very serious injuries and loss of limb to the boy.

The petition also states that plaintiff Amanda is the mother of said boy, and was, at the time of the injuries aforesaid, entitled to his services until he gained his majority, stating the value of such services.

The defendant's answer is a general denial. Upon the trial of the cause, the defendant objected to the introduction of any evidence, for the reason that the petition failed to state any cause of action, and at the close of plaintiffs' case, requested the court to instruct the jury, that upon the pleadings and evidence the plaintiffs could not recover. The court refused so to instruct, the defendant introduced no evidence, and the jury, under the instructions of the court, found a verdict for plaintiffs in the sum of one thousand dollars.

While there are other errors complained of, yet the main errors relied on by the defendant for reversal, are the refusals of the court to sustain its successive demurrers above mentioned.

It will be observed that the petition fails to allege any authority, express or implied, on the part of the defend-

ant's employes, in charge of this freight train, to carry passengers, nor is it anywhere averred that the train was a passenger carrying train. On the contrary, the petition expressly states that it was an extra freight train. Nor does the petition allege that the boy either paid or intended to pay any fare; on the contrary, the allegation that the employes of defendant received the plaintiffs' boy for a ride down the said railroad, would imply, what the proof fully corroborates, that he was on the train simply as a guest of one of the employes.

The petition, therefore, does not state one of those cases, where, by permission of the employe in charge of a train, which is permitted to carry passengers, a person is permitted to remain upon it without paying fare, and is thus considered in the eyes of the law a passenger without hire (*Sherman v. Railroad*, 72 Mo. 62, 65; *Wilton v. Railroad*, 107 Mass. 108; *Railway v. Derby*, 14 How. (U. S.) 468; *Steamboat v. King*, 16 How. (U. S.) 469), in which case his right of recovery is not impaired by the non-payment of fare. The petition states one of these cases, distinguishable from the former, both on principle and authority, where a person is carried on some conveyance, not designed for the transportation of passengers, by the invitation or sufferance of the employes of the company, where neither a sufferance nor invitation is authorized by the course of their employment. *Snyder v Railroad*, 60 Mo. 413, 416; *Eaton v. Railroad*, 57 N.Y. 382. As was properly stated in the latter case, the solution of the question of liability in such a case, is not to be sought in the rule of law applicable to common carriers, but must be obtained from the principles of the law of agency. See, also, comments of Judge Redfield on the case, 13 Am. Law. Reg. 672.

This leads us to hold that the petition fails to state a cause of action, and that the demurrer thereto, by way of objecting to any evidence offered in its support, should have been sustained.

Beyond this, however, we can not see how there can be any recovery on plaintiffs' own admission.

The plaintiff mother was a witness on her own behalf, and, among other things, testified as follows:

Q.   "The boy had wanted to go several times before that, hadn't he?"

A.   "Yes, sir."

Q.   "You allowed him to go that morning?"

A.   "Yes, sir; that evening."

Q.   "He went with your permission and consent?"

A.   "Yes, sir."

Q.   "Didn't you know that this was a train that didn't carry passengers, Mrs. Whitehead?"

A.   "I knew it, sir; but I never noticed that one."

Q.   "But you knew that that train was a train that did not carry passengers?"

A.   "Yes, sir; I knew that; but I supposed that the Iron Mountain Railroad would hire men that knew their business."

And again,

Q.   "Now, Mrs. Whitehead, do you mean to say that that train would not take on passengers?"

A.   "No, sir. I say I did not know it would not; but I supposed these men to know their business."

Q.   "You never heard of such a remark, that they didn't take passengers?"

A.   "I heard this: that a note was posted in the caboose what the men should do; they should not take on men or boys, or any passengers that didn't pay their way. And they were ordered not to take any pay or no pay."

Q.   "And your boy was going down without pay?"

A.   "Yes, sir. I supposed that the men would say, 'you can't go.'"

Q.   "You never saw that notice?"

A.   "No, sir; never saw that notice. I just heard of it being there."

And again,

Q. "You say that you knew that this was a train on which no passengers were carried, pay or no pay?"

A. "I knew that it was a freight train; that passengers were not allowed to go on it; but that rule wasn't kept straight."

Thus the record discloses that the plaintiff knew that her boy was going on a freight train, which was not permitted to carry passengers, pay or no pay, and notwithstanding that fact permitted him to go. We can not see how, under the circumstances, she can claim that the invitation, extended by the brakeman to her boy to ride on the train, was within the course of his employment.

The cases which hold that a person carried on board of a train in violation of the rules of the company may still recover, place the right of recovery on the ground that he supposed, not being advised to the contrary, that he was lawfully there as a passenger. *Lucas v. Railroad*, 33 Wis. 41; *Railroad v. Montgomery*, 7 Ind. 474; *Dunn v. Railroad*, 58 Me. 187. Where the person knows that he is not lawfully upon the train, but a mere trespasser, there can be no recovery against the carrier. *Railroad v. Moore*, 49 Tex. 31; *Railroad v. Brooks*, 81 Ill. 245.

It is argued by respondents here, that the question whether Mrs. Whitehead knew that the train was not allowed by the regulations of defendant to carry passengers, was submitted by the court to the jury, and that they, by their verdict, negatived any such knowledge on the part of Mrs. Whitehead. This is unquestionably so. But as the finding of the jury, in face of the plaintiff's admission, could be the result only of either ignorance or prejudice, it is entitled to no consideration whatever.

There is one further obstacle to the plaintiffs' recovery, which we are bound to notice, although it has not been presented in the argument, because it is necessarily

raised by the demurrer to the evidence. Mrs. White-
head alleges that she is the mother of the injured minor
and, as such, she is entitled to his services during
minority. The plaintiffs, as well as the court, seemed to
have assumed such to be the law. The recovery in the
case is exclusively for services, and there was no evidence
whatever tending to show any legal right to such
services, unless such right results from the relation of
the parties as mother and child.

At common law the father is entitled to the services
of a minor during minority, because the burden of his
support, maintenance, and education during that period
is cast upon him. The right 'and duty are correlative.
But the mother, upon whom no such legal duty rests, is
not entitled to such services by virtue of the parental re-
lation. That has always been the common law of Eng-
land (1 Black Com. 252, 253), although it has been
questioned as the common law in this country.

In *Turman v. Van Sise* (56 N. Y. 435), the majority
of the court held, against an able dissenting opinion of
Judges Allen and Folger, that after the death of the father,
the right to the services of the child, during minority,
vest in the mother. In *Mathewson v. Perry* (37 Conn.
435), the mother, a widow, was declared to be entitled to
the wages of her minor son. Such right is also recog-
nized, *arguendo*, in *Boynton v. Clay* (58 Me. 236), and
*Nightingale v. Withington* (15 Mass. 274).

We are not aware that in this state the question has
ever been directly passed upon by the court of last re-
sort. Judge Scott, in *Guion v. Guion, Adm'r* (16 Mo.
52), incidentally says, "by the common law, the father is
bound to support his minor children, *and so long as he
does* he will be entitled to their services. On the death
of the father this duty and right devolve on the mother
as succeeding to all the duties and obligations of her
husband." This question was not directly involved in
the case, and subsequent parts of the same opinion,

clearly show, that the language above quoted states the proposition too broadly.

The mere fact that our statute (Rev. Stat., sect. 2560) provides that after the death of the father the mother shall be the natural guardian and curator of the children, and have the custody and care of their persons, education, and estates, confers upon her no additional rights in that behalf, because the same statute provides that there shall be no difference, in that regard, between a natural and legal guardian, it being well settled that a guardianship carries with itself no obligation to support, except from the means of the ward, nor, on the other hand, the legal right to the services of the ward.

This much may be conceded under the *dictum* of Judge Scott, *supra*, that, as long as a widow mother charges herself with the support of her children, she is entitled to their services.

That, however, does not dispose of the difficulty in the present case. The petition here treats the mother as the meritorious plaintiff; although it discloses at the same time that she has re-married and that the minor, who is over the age of fourteen years, lives with his stepfather, who necessarily is the head of the family. As she, by her re-marriage, has divested herself of her general contract power, it would appear that the infant is supported by the step-father. The step-father, however, in the absence of legal adoption, is neither bound to support the minor, nor is he entitled to his services. He is, in this case, a mere nominal plaintiff joined for conformity, but were it even otherwise the petition fails to state any substantial right of recovery in him. Under such circumstances, neither the mother nor step-father can have an absolute right to the earnings of the minor during the whole period of minority, but at best a right co-extensive with expenses incurred for his support. The petition, therefore, states no cause of action even in this respect, and the cause was submitted to the jury on

wholly erroneous instructions as to the right of recovery. *Freto v. Brown*, 4 Mass. 675; *Commonwealth v. Hamilton*, 6 Mass. 273; *Guy v. Ballon*, 4 Wend. 403; *The State v. Scott*, 30 N. H. 274; *Williams v. Hutchinson*, 3 N. Y. 312; *Worcester v. Marchant*, 19 Pick. 510.

It results that the judgment must be reversed, and as, under the conceded facts, no useful purpose can be subserved by remanding the cause, it will not be remanded.

The judgment is reversed. All the judges concur.