Hennesey v. Bavarian Brewing Co.

---

ANNIE HENNESEY, Respondent, v. BAVARIAN BREWING COMPANY, Appellant.

63 111
s145m 109
o145m115

### Kansas City Court of Appeals, June 3, 1895.

1. **Pleading:** PETITION: PARENT AND CHILD. A petition by a parent for damages for the death of a son, which does not allege a loss of services, directly or inferentially, states no ground for recovery.

2. **Parent and Child:** STEPFATHER: MAINTENANCE. There is no obligation on the part of the stepfather to provide for the child of his wife by a former husband. His liability depends upon the relation he chooses to assume in reference thereto.

3. ———: ———: MAINTENANCE: COMMON LAW. At common law the father is entitled to the services of his minor children because burdened with their maintenance and education. In absence of contract to the contrary, it would appear that a stepfather who assumes the place of natural parent to minor stepchildren is entitled to their services. But neither the statute nor the common law gives the stepfather any action for the loss of the services of his minor stepchildren.

4. ———: MAINTENANCE. On the death of the father and during widowhood the duty is cast upon the wife to maintain their minor children. She is entitled to their services, but in case of her remarriage the minor's services belongs to himself, unless he is received into the family by the stepfather.

5. ———: CONTRACT OF MINOR. A fatherless minor may contract with his remarried mother to become her servant and she may recover for the loss of his services.

6. ———: SERVICES: ACTION. A widow married; her husband received into his family and maintained her minor son. *Held*, he was not his mother's servant and she could not maintain an action for his wrongful death.

7. ———: MARRIED WOMEN'S ACT: SERVANT. The effect of section 6864, Revised Statutes, 1889, is not to abrogate the rule of the common law under which the relation of a widow to her minor children is dissolved by her remarriage, though under the statute she may contract for their support or support them out of her separate means, etc., in which event she could maintain an action for the loss of their services.

8. ———: DAMAGE ACT: COMMON LAW: TRANSMITTAL OF ACTION. Section 4422, Revised Statutes, 1889, which gives the father and mother, or survivor, right of action for the death of their minor children creates no new cause of action, but simply continues the right to sue, which the party, whose death is occasioned, would have had, had he lived.

*Appeal from the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

REVERSED AND REMANDED.

*Ben T. Hardin* for appellant.

(1) The petition is not good for the reason it fails to allege that the deceased was the servant of plaintiff, that by his death she would lose his services, or that she was damaged by such loss. *Matthews v. Railroad*, 26 Mo. App. 75; *Dunn v. Railroad*, 21 Mo. App. 188; *Buck v. Railroad*, 46 Mo. App. 555. (2) The court erred in overruling defendant's demurrer to plaintiff's evidence, and in refusing to give the same instruction at the close of the case. *Leahy v. Railroad*, 121 Mo. 227; *Parsons v. Railroad*, 94 Mo. 286; *Rains v. Railroad*, 71 Mo. 164. The evidence shows that plaintiff had been a widow, and had remarried long prior to the

injury to her son, and she was, therefore, no longer entitled to the services of her minor son. *Whitehead v. Railroad*, 22 Mo. App. 60; *Tetherow v. Railroad*, 98 Mo. 84; *Matthews v. Railroad*, 26 Mo. App. 75. When plaintiff remarried she was no longer bound to support her minor son, and, that being the case, she was no longer entitled to his earnings. *Hollingsworth v. Swedenborg*, 49 Ind. 378; *Tetherow v. Railroad, supra*, and cases reviewed. The mother during her widowhood is entitled to the minor's services, as was the father before his death. But after remarriage, if the minor remains in the family of the stepfather, and, as shown by plaintiff's testimony in this case, is supported by him, then the stepfather is entitled to his earnings, and would be liable for his support and education. *Academy v. Bobb*, 52 Mo. 357.

*Beebe & Watson* for respondent.

(1) The petition is good. It was not necessary to allege that deceased was the servant of plaintiff. This is not a common law action for loss of services. Rev. Stat. Mo., 1889, sec. 4425; *Baker v. Railroad*, 91 Mo. 91; *Tobin v. Railroad*, 18 S. W. Rep. 996, and cases cited; 9 Am. and Eng. Encyclopedia of Law, p. 846 and cases cited. Hence, by operation of the law of "survivorship," the entire right of action, which existed in both parents, had the father lived, on his death became vested in the survivor (plaintiff), and could be maintained by her, unless her remarriage abated the cause of action, but the statute makes no such provision; but, on contrary (Rev. Stat. 1889, sec. 2196), expressly provides no cause of action shall abate by reason of death, marriage or other disability, etc. *Tobin v. Railroad, supra.* (2) Now, if marriage destroys the right of action in one joint survivor, it certainly would in the other,

therefore, if marriage by the wife destroyed her right of action, as survivor, then *a priori*, it would destroy the right of action in the husband, had he survived and remarried, but this is not so. *Railroad v. Gaw*, 57 Ga. 277; *Buell v. Transfer Co.*, 45 Mo. 563; s. c. 52 Mo. 457; *Davis v. Guardian*, 45 Ohio St. 470; *Railroad v. Kuehn*, 70 Texas, 587. The statute does not make the child's life of certain value in one instance to one survivor, and another value to the other, under like circumstances, but the value of the life is one and the same in either event. Again, if we are to apply the common law right of a wife to child's services, then, so long as husband lived, she would have no right to them, and would not be a party in court, especially after she was divorced. And the very fact that the legislature gave the right of action jointly to father and mother, with the incident of survivorship, shows it did not intend the rights of either should be governed by the common law rules, for, under the common law, neither had any right of action for death. In such actions it is not necessary to prove loss of services in order to recover. *Parsons v. Railroad*, 94 Mo. 286.

SMITH, P. J.—This is an action for damages brought by plaintiff, for the death of her minor son, Thomas Donlin, by a former husband. Said Thomas Donlin, a boy between thirteen and fourteen years of age, had been in the employ of the Bavarian Brewing Company about a year and a half prior to the ninth day of August, 1893, when he was killed by an empty beer barrel rolling down a chute from the outside of the basement of a building used for a bottling shop. There was a trial and judgment for plaintiff, from which defendant has appealed.

At the inception of the trial, defendant objected to the introduction of any evidence on the ground that

the petition failed to allege that the deceased was the servant of the plaintiff and that by his death she would lose his services, and that in consequence of such loss she had been damaged, etc. By turning to the petition, it will there be seen that it alleged that the plaintiff "is the sole surviving parent of Thomas Donlin, deceased, an unmarried minor of the age of thirteen years, whose death occurred by reason of the careless, negligent and wrongful acts of defendant, as hereinafter stated, and brings this suit within six months after such death, as by statute in such cases made and provided." This allegation is followed by a number of others, charging the negligence of defendant which occasioned the injuries received by plaintiff's minor son, and from which he died. The petition concluded with a prayer for judgment for $5,000. The question thus arising on the record is whether or not the trial court erred in overruling the objection of the defendant, questioning the sufficiency of the plaintiff's petition.

It is indisputably true that the petition does not expressly allege that the deceased was the servant of the plaintiff, at the time of his death. This case is not like that of *Buck v. Railroad*, 46 Mo. App. 555, where the petition did not expressly allege that the injured child was the servant of the plaintiff, the father, but did allege that plaintiff, *by reason of the injury would be deprived of the services of his child*. In that case we held that the allegation that plaintiff was the father of the child, and that the services of the latter had been or would be lost to the former, in consequence of the injury, furnished an ample base for the inference that the child was the father's servitor at the time of the injury. But here we have nothing but the bare allegation that the plaintiff was the sole surviving parent

of the deceased child.   Can we from this fairly deduce that inference?   We do not think so.

The right to recover for loss of service is founded on the relation of master and servant, and not on that of parent and child.   The relation of parent and child may exist—the child may be a minor—and yet the relation of master and servant may not exist between father and child.   The child's father may be dead and the mother may have again married.   The stepfather may have admitted the child into his family and treated it as a member thereof, and thereby assumed the relation of parent, in which case the stepfather would stand in the place of the natural parent and the reciprocal rights, obligations and duties of parent and child attach.   The child receiving shelter, food, clothing and education from the stepfather, entitles him to its services.   *Academy v. Bobb*, 52 Mo. 357; *Brown's Appeal*, 112 Pa. St. 18; *Englehardt v. Young*, 76 Ala. 534; *Smith v. Rogers*, 24 Kan. 140; *Gerder v. Weiser*, 54 Iowa, 591; *Williams v. Hutchinson*, 3 N. Y. 312; *In re Bernoudy*, 32 Minn. 385; *Norton v. Ailor*, 11 Lea (Tenn.), 563.   The child may have been adopted by another, with the consent of the father, while living in the mode pointed out by the statute.   He may have become bound as an apprentice to another. He may have been emancipated by the father, or by the mother while a widow.   He may have been permanently abandoned by his father, or, after the death of his father, by his mother; or he may have been committed to another on judicial proceeding.   It is, therefore, manifestly necessary, when the action is by the father or the mother, for an injury to his or her minor child, in order to recover for loss of the services of the child, to allege and prove that the child was his or her servant, at the time of the injury.   *Dunn v. Railroad*, 21 Mo. App. 188; *Matthews v. Railroad*, 26 Mo. App. 75;

*Buck v. Railroad,* 46 Mo. App. *supra; Parsons v. Railroad,* 94 Mo. 286.

Since the petition does not allege a loss of services, directly or inferentially, we must conclude that it states no ground for the recovery of damages, and that the trial court erred in overruling the defendant's objection to the introduction of evidence.

But, if it be conceded that the petition does sufficiently allege that the deceased child of plaintiff was her servant at the time of his death, the question arises, does the evidence tend to prove that fact? By recurring to it, it will be seen that the deceased was a child of plaintiff by a former husband, whose death preceded that of the child some ten years. It further appears, that about six years before the death of the child, the plaintiff had married John Hennesy, with whom she was living as his wife at the time of the child's death. There is also some evidence tending to show that when the said John Hennesy married plaintiff, he took, along with her, several minor children by her former husband, whom he admitted into his family and thereafter stood, as to them, *in loco parentis.*

At the time the said Hennesy married the plaintiff, her deceased child, for the loss of whose services this action is brought, was about seven years old. From then till his death, he continued to reside in his stepfather's family, as a member thereof, receiving from his stepfather board, shelter, clothing and education. The plaintiff testified that the wages received by the child, from the defendant, were applied by her to the purchase of clothing for him. With this exception, it may be fairly inferred that the stepfather maintained and supported the child, during the entire period in which he stood, as to him, *in loco parentis.*

There is no obligation on the part of the stepfather to provide for the children of his wife by a former hus-

band, by virtue merely of his marriage with their mother. He may refuse to provide for them, but could not be compelled to do so. The liability in such cases depends upon the relation he chooses to assume in reference to them. If he holds them out to the world as members of his family, he stands *in loco parentis*, and incurs the same liability with respect to them that he is under to his own children. And the presumption in such case is, that they deal with each other as parent and child. This relation being established, the reciprocal rights, duties and obligations pertaining to it arise between them, the same as if he were their natural father. *Academy v. Bobb*, 52 Mo. 357, *supra*, and the other cases cited under the previous paragraph.

At common law, the father is entitled to the services of a minor child during minority, because the burden of his support, maintenance and education, during that period, is cast upon him. The right and duty are correlative. The father has the benefit of his childrens' labor, while they live with and are maintained by him; and this is no more than he is entitled to from his apprentices and servants. The right rests upon the parental duty of maintenance, and furnishes some compensation to the father for his own services rendered the child. The father is actually entitled to the value of the child's labor and services, until the latter becomes of age. Schouler Dom. Rel., sec. 252; 2 Kent's Com. 193; Reeves' Dom. Rel. 290; 1 Cooley's Black. Com. 451–2. Upon principle, it is quite difficult to see, if the circumstances are such that the husband has voluntarily assumed the relation of natural parent to the minor children of his wife by a former husband, and has thereby become invested with the rights and charged with the duties and obligations of parent with respect to such children, why he is not entitled to their services during that part of their minority that they

reside with and are maintained by him as members of his family. Especially ought this to be so in the absence of a contract to the contrary. *Hollingsworth v. Swedenborg*, 49 Ind. 378; *Williams v. Hutchinson*, 3 Comst. 312 (S. C. 5 Barb. 122). But if the minor, during such relation, die from the wrongful act of another, neither the statute nor the common law gives the stepfather any action for the loss of the services of the former.

Whatever may have been the rule at common law, it may now be regarded as the settled rule in this state that on the death of the father, and during the widowhood of the wife, the duty is cast upon her to maintain her minor children by her deceased husband. *Tetherow v. Railroad*, 98 Mo. 74; *Guion v. Guion*, 16 Mo. 48; *Home v. Fritchey*, 10 Mo. App. 344. This being so, it follows that she is entitled to the services of her children during their minority, provided, of course, they are supported by her. *Matthews v. Railroad*, 26 Mo. App. 75.

But is she entitled to her minor child's services after she remarries? It has been decided that by such second marriage she severs the relation which would otherwise exist bstween her and her children, as guardian of their persons. *Williams v. Hutchinson, supra.* As already stated, the general rules of law in regard to the right to the services of a minor child are, that they belong to the father during his life, and in case of his death, to the mother, if she survive him. But in the event of the mother's remarriage, they belong to the infant himself. *Freto v. Brown*, 4 Mass. 675; *Commonwealth v. Hamilton*, 6 Mass. 273; *Worcester v. Merchant*, 14 Peck, 510; *St. George v. Deer Isle*, 3 Greenleaf (Maine) 356; unless he is received into the family of his stepfather as a child, and supported as such; in which case they belong to the stepfather. *Stone v.*

*Case*, 3 Esp. 1; *Williams v. Hutchinson*, 5 Barb. 122; *supra*.

And no reason is perceived why a fatherless minor child, whose mother has remarried and who has not been received into the family of the stepfather as a child and supported as such, may not contract with his mother to become her servant. Nor why she may not make a contract with another person for his services, as she would for the services of any other person who had, for the time being, become her servant; nor why she may not recover for those services, or for the loss of the same, and especially so in view of the enabling statute of 1889, which gives a married woman power to contract and be contracted with. Such a minor is competent to enter into a contract of that kind. *Pray v. Gorham*, 31 Me. 240; *Clapp v. Green*, 10 Metc. 439; 2 Kent's Com. 236.

The rule is elemental that a parent has no remedy for an injury done to his child, by the wrongful act of another, unless that child can be treated in law as his servant. Schouler's Dom. Rel., secs. 25–28; 2 Hilliard on Torts, 518–529; *Rogers v. Smith*, 17 Ind. 323; *Hatfield v. Roper*, 21 Wend. 615. It is plain that, according to the principles and authorities to which we have already adverted, the child of the plaintiff was not in law, at the time of his death, her servant. In no view that may be taken of the facts disclosed by the evidence are we justified in treating the plaintiff's child as her servant. After the second marriage of the mother, her minor children by a former husband are not constructively her servants. The law does not presume her entitled to their services, as if she were their widowed mother. Now, if it be conceded that plaintiff has clearly established by the evidence, that Thomas Donlin was her minor son by a former marriage, and that his death was occasioned by the negli-

gence of the defendant, yet this did not authorize a recovery by her, for the reason that she did not prove that such minor son was legally her servant, or that she was entitled to his services, at the time of his death. According to the ruling in *Whitehead v. Railroad*, 22 Mo. App. 60, the plaintiff has utterly failed to make out a *prima facie* case, entitling her to recover.

But it is contended by the plaintiff, that since the enactment of the statute of 1889 (section 6864), she could bind herself for the support of her child and, therefore, the ruling in *Whitehead v. Railroad* is inapplicable in the present case. We do not think the effect of the statute just referred to is to abrogate the rule of the common law, under which the relation of a widowed mother to her minor children by a former husband is dissolved by her remarriage. It does, however, have the effect to enable her after her remarriage, to contract for the support of her minor children. And when such minor children are not admitted into the family of the stepfather, and are not supported by him, as members of his family, or, in other words, when he does not voluntarily assume the relation of natural father to them, no reason is seen why the mother may not, during their minority, support them out of her own independent means, if any she has, or may not contract with others for such purpose. Where the fact exists that, notwithstanding her remarriage, she supports such children, then, upon principle, she is entitled to their services, and in case of their death, occasioned by wrongful act of another, no good reason is seen why she would not be entitled to recover in her own right for the loss of services, or for burial expenses.

The plaintiff further contends that the effect of the damage act is to overthrow the common law rule and vest the right to the child's services in the father and

mother jointly, and if either be dead, then in the survivor.

This action is based on the third section of the damage act (section 4426, Revised Statutes). The fourth section of the act, 4427, provides that in actions accruing under the third section, damages shall be sued for and recovered by the same parties and in the same manner as provided in the second section (4425), the latter of which provides, when the deceased is a minor and unmarried, the father and mother may join in the suit, and each shall have an equal interest in the judgment; but if either of them be dead, then the survivor may sue. The third section of the act was only designed to transmit a right of action which, but for the section, would have ceased to exist, or would have died with the person, or, in other words, under section 3, whenever a person dies from such wrongful act of another, as would have entitled the party to sue, had he lived, such cause of action may be maintained by certain representatives of the deceased, notwithstanding the death of the injured party.

It creates no new cause of action, but simply continues or transmits the right to sue, which the party whose death is occasioned would have had, had he lived. *Proctor v. Railroad*, 64 Mo. 112.

This, we think a sufficient answer to the plaintiff's last contention.

We, therefore, are of the opinion that the court erred in refusing the defendant's instruction in the nature of a demurrer to the evidence. In the view which we have taken of the case, it becomes unnecessary to notice the other grounds of error assigned for the reversal of the judgment. The judgment will be reversed and the cause remanded.