GUION, Respondent, *vs.* GUION'S ADMINISTRATOR, Appellant.

In an action by a child against the administrator of his deceased mother, for money received by her in the capacity of guardian, the administrator will not be allowed to set up a claim for the support and education of the child by the intestate, when there is no evidence that she ever intended to make a charge therefor.

*Appeal from St. Louis Circuit Court.*

*C. B. Lord,* for appellant, contended that a mother is not bound to support her infant children, when they have property of their own, no matter what her circumstances may be, though it is otherwise with the father. Cites, 4 Kent's Com. 191. Reeve's Domestic Rel. 324. *Dawes* v. *Howard,* 4 Mass. 97. *Whipple* v. *Dow,* 2 Mass. 415. White's Leading Cases in Equity, found in vol. 70, L. Lib. p. 158, note and cases cited. *Hughes* v. *Hughes,* 1 Brown's C. Rep., Perkins' edition, p. 387 and note. *Burnett* v. *Burnett,* 1 Brown C. R. 178. *Pulsford* v. *Hunter,* 2 ibid, 416. *Haly* v. *Bannister,* 4 Madd. ch. 146. *Bostwick's case,* 4 J. Ch. R. 104. *Green-well* v. *Greenwell,* 5 Vesey, 194.

The mother is not entitled to the service of her son, and is not bound to support him. 4 Binney's Pa. Rep. 487.

Cites further, *Reeves* v. *Brymer,* 6 Ves. 425. *Sherwood* v. *Smith,* 6 Ves. 454. *Ex parte Petre,* 7 Ves. 403. *Sisson* v. *Shaw,* 9 Ves. 285. *Maberly* v. *Turton,* 14 Ves. 499. Notes to *Partington's case,* 3 Brown C. R. 60.

If Mrs. Guion expended money in the maintenance and education of the respondent, for which an allowance would have been properly made, upon a settlement of her accounts in the Probate Court, then such allowance ought to have been made in the Circuit Court. Hood on Executors, 154. 5 Rawle, 331. *Lee* v. *Brown,* 4 Ves. 369.

In *Ambler, Executor,* v. *Macon,* 4 Call, it appears from the statement of the case, p. 610, that the mother had not charged her children with board, yet the court, in that case, held, that

whether the mother in her life-time charged the children with board, or not, it will be allowed to the estate, after her death.

The court improperly allowed interest on the demand. 1 Munford Va. Rep. 119.   5 Rawle, 323.

*Lackland & Jamison*, for respondent.

The instruction asked for by the appellant was properly refused :

1. Because it was not applicable to the case ; for even if it had been shown that she expended money in her capacity of guardian, the instruction was properly refused, on the ground that there was no offset filed in the case.

2. Because it did not apply to the case ; for there was no evidence, showing or tending to show, that Josephine Guion expended any money for said respondent, in her capacity of guardian ; and even if she had expended money in that capacity, the only way in which she could obtain credit for it, was by settlement in the County or Probate Court, as in pursuance of an order of said court.   See Revised Code, 1835, page 295, section 10, under the head of Guardians and Curators.   Also, sec. 8 of said act.

A guardian is merely an officer of the court.   See 2 Story's Equity, page 772, section 1338 (5th edition.)

A guardian can do no act affecting the person or property of a minor, unless under the express or implied direction of the court.   See 2 Story's Equity, page 785, section 1353 (5th edition.)   *Forster* v. *Fuller*, 5 Mass. Rep. 299 ; 6 Mass. Rep. 58.

Without the express sanction of the court, a guardian will not be permitted, of his own accord, to break in upon the capital of the ward.   See 2 Story's Equity, p. 790, section 1355 (5th edition.)   *Walker* v. *Wetherell*, 6 Vesey Rep. 474. *Dawes* v. *Howard*, 4 Mass. Rep. 99.   Leave of court must be first given.

3. If Josephine Guion expended as much money for the support, maintenance, and education of the respondent, while he was a minor, as she received in her capacity as guardian, it

does not follow, as an inevitable consequence, that the respondent is entitled to recover in this suit.

4. Said instruction, asked for by the appellant, was properly refused; for the instructions which the court gave, on its own motion, stated that the estate of Josephine Guion was entitled to credit for all money *shown to have been expended* by her in her said capacity of guardian, for the necessary and proper education, support and maintenance of the respondent.

Where the mother is guardian of her child, and she supports and educates said child, suitable to her condition in life and pecuniary circumstances, and she does not make out and present to the proper court her accounts as guardian, charging said child for said support and education, or with money expended for said purpose, it is a fair, reasonable and legal presumption that she supported and educated said child in her capacity of parent, and not of guardian. And the presumption is much stronger where she makes no charge or entry in her own books for said support and education, and where she does not obtain an order from the proper court, appropriating the money or property of said child for said purpose; and where she is guardian of another child, and she supports and educates her without charge.

Parents are bound to support their children, and they are entitled to the earnings of said children. See *Benson* v. *Remington*, 2 Mass. Rep. 115. *Nightingale* v. *Withington*, 15 Mass. Rep. 263. *Plummer* v. *Webb*, 4 Mason's Rep. 382. *Burlingame* v. *Burlingame*, 7 Cow. Rep. 93. And they are bound to furnish them with necessaries. *Van Valkinburgh* v. *Watson, et al.*, 13 Johns. Rep. 480. *Forsyth* v. *Gouson*, 5 Wend. Rep. 563.

When the parent is able to support the child, the court will withhold an allowance out of the infant's estate. See *Hillsboro* v. *Deering*, 4 New Hampshire Reports, 86. 2 Story's Equity, page 788, section 1354 (5th edition.)

Where a father is able to support his child, he cannot charge

for his maintenance and education. *Harland's case*, 5 Rawle's Rep. (Pa.) page 330.

The mother, after the death of the father, is bound to support her children, if of sufficient ability. See *Dedham* v. *Natick*, 16 Mass. Rep. 139, 140. *Nightingale* v. *Withington*, 15 Mass. Rep. 263, top page, 274 side page. *Bainbridge* v. *Pickering*, 2 Wm. Blackstone's Rep. 1325. In the case of *Whipple* v. *Dow, et ux.*, 2 Mass. Rep. 418, Sedgwick, Judge, in his opinion, says, "If a mother support her child gratuitously and without any intention, at the time, of demanding a recompense, nothing is more clear than that she could not, upon a change of inclination, afterwards have an action therefor."

Interest was properly allowed. It is the duty of the guardian to loan out the money of the ward.

SCOTT, Judge, delivered the opinion of the court.

This was a claim, exhibited in the Probate Court of St. Louis county, against the appellant, in which the appellee, recovering less than he claimed, appealed to the Circuit Court, where, on a trial anew, he recovered judgment against the appellant for $1427 10, the amount claimed and interest, from which judgment the appellant appealed to this court.

Josephine Guion, the intestate, was the mother of the appellee, and was appointed his guardian; in which capacity, between April, 1836, and October, 1837, she received from the estate of Madam Hebert, the grandmother of the appellee, the sum of $1005 17. Hebert Guion, the father of the appellee, died in 1833, and Josephine, his mother, in 1843. The appellee was about nine years old at his father's death. Josephine Guion, the intestate, inherited an estate from her father, after the death of her husband, which yielded her an income of four or five hundred dollars a year. She had three children—two daughters and the appellee. One of the daughters married in 1834, and the other in 1841. She educated the appellee at the St. Louis University, where he continued three years as a full boarder, and one year as a half boarder. The expense of send-

ing a youth to the University was two hundred and fifty dollars a year. Josephine Guion never kept any account with her son, the appellee. Nor did she ever charge herself, as guardian, with the money received for him from his grandmother's estate. She never made any settlement as guardian. The court excluded, as evidence, a receipt given by the appellee to the appellant for $1804, a distributive share of his deceased mother's estate. The appellant administered on Josephine Guion's estate. On the trial by the court, without a jury, a verdict was found for the appellee for the amount of his claim and interest. The appellant filed no set-off to the demand, but claimed that it had been extinguished by reason of the expense incurred by Josephine Guion for the appellee.

The cases in England, on the question of an allowance for past and future maintenance by a mother or father to a child, have arisen when the child has a fortune, and on the direct application to the proper tribunal by the parent. The case of the matter of Bostwick, 4 J. Ch. R., is the application of a mother for an allowance for part maintenance of her child. The law seems now to be well settled, both in this country and in England, that applications of this sort will be entertained by the court having the management of the estate of wards and the care of their persons. Each case is governed by its own circumstances. If the estate of the child will warrant it, and the father is poor, an allowance will be made for its support, according to its expectations, and this without regard as to whether it is for past or future maintenance. When the father is of sufficient ability to support his child according to its expectation in life, he will not be allowed for its maintenance. The rule seems not to be so rigorous with respect to mothers. 2 Kent, 191.

By the common law, the father is bound to support his minor children ; and so long as he does, he will be entitled to their services. On the death of the father, this duty and right devolve on the mother, as succeeding to all the duties and obligations of her husband. The seventh section of the statute of

forty-three of Elizabeth, makes the father and grandfather, mother and grandmother, and the children, being of sufficient ability, of every poor person not able to work, liable for his support. This statute, although not in force here (its details making it local to England,) yet has been regarded as a recognition of the principles of the common law.

In the case of *Cummins* v. *Cummins*, 8 Watts, 366, which was a suit brought by a mother's administrator against a child, and in its circumstances much like this, the court says, "The presumption, from a mother's maintenance of her child, whatever be the means of either, is, that she furnished it as a gift. If the child has nothing to recur to, the presumption is irresistible; and if it even has an estate, her omission to have it applied by a guardian is equally so. Perhaps one case could not be picked out of a thousand, in which the presumption would not accord with the fact. They who would set bounds to the generosity of a mother, know but little about the impulses of such a parent." We fully adopt the opinion of the court in Pennsylvania, not considering it as precluding a mother from an allowance for past maintenance, under circumstances in which it would be proper to give it. In the case of *Whipple* v. *Dow, et ux.*, 2 Mass. 418, it is said, "If a mother support her child gratuitously, without any intention, at the time, of demanding a recompense, nothing is more clear than that she could not, upon a change of inclination, afterwards have an action therefor." This principle is necessary to secure to children the little patrimony they may inherit. Were mothers permitted to charge for support, as a matter of course, after it had been gratuitously bestowed, it is easy to see that the estate of every child, by a former husband, would be at the mercy of a step-father, and the children of a mother surviving her husband, at the mercy of an administrator. The question in this case is, not whether the mother might not have applied to the court and had her son's estate appropriated for his support, but, whether her administrator shall be allowed to set up a claim for the support and education of her child, bestowed on him by

herself, when there is no evidence that she ever intended to make a charge for them. It does not appear when Madam Guion was appointed guardian of her son; and her omission to render an account for the sums received for him, cannot be construed into a purpose to apply them for his education. As the evidence of her having received the money was of record, had such been her intention, she would have kept an account with her son, or, at least, have charged him with the sums she expended in his education.

We are aware, that any general rule that may be established in relation to this matter, may sometimes have a harsh operation. That is a frailty incident to all general principles. Under its cover an illiberal child may assert a claim against a deceased parent's estate, to the injury of his brethren, which may expose him to the imputation of a want of generosity. For the honor of our nature, we trust such instances will be rare. But it is better to bear with such cases than to place the patrimony of orphan children at the mercy of step-fathers and the administrators of their mothers.

The other Judges concurring; the judgment will be affirmed.