# SUPREME COURT.

## GEORGE SMITH agt. GEORGE GEORTNER, JR., and others.

Claims against one defendant alone, and in his individual capacity, cannot be joined in the same complaint with claims against him as trustee, and such claims cannot either of them, be joined with demands against other defendants.

To entitle a father to an inquiry as to the propriety of making an allowance to him for the past maintenance of his infant children, he must state a special case, showing the extent of his means at the time such support was furnished, and the particulars of the extraordinary expenditures for the actual benefit of the infants which created an equitable claim in his favor.

*Argued at the Montgomery County Special Term, February, 1870.*

*Decided October, 1870.*

J. E. DEWEY, *for defendants.*

GEO. SMITH, *plaintiff in person.*

DEMURRER to complaint.

ROSEKRANS, J.—The defendants, Geortner, George and Charles F. Smith and Augusta Failing, demur to the complaint and amongst other grounds of demurrer, specify, that several causes of action have been improperly united, and that the several causes of action do not all arise out of the same transaction or transactions, connected with the same subject of action, and that it unites claims against defendant, Geortner, as a trustee, with claims against him individually, and other claims which do not affect other parties to the action. One of the claims set out in the complaint is, that defendant purchased lot 21 in the village of Canajoharie and gave a mortgage to the vendors of $465, for the pur-

chase money and paid the mortgage and delivered it to the defendant, Geortner, to keep for him, and that he refuses to give it up, and claims to be the owner of it, and to hold it as a lien upon the property. This cause of action is against the defendant, Geortner, in his individual capacity, and in no way affects any of the other defendants.

Another cause of action set out in the complaint is this, that in the year,      , plaintiff made an agreement with Geortner to carry on the brewery business in Geortner's name for one year; and it was agreed that plaintiff should use the name and credit of Geortner to the amount of $500, and for the rent of the brewery $400; and plaintiff's first wife pledged to Geortner as his security against any loss in the business, a mortgage, which Geortner held for her, placed in his hands by Mrs. Smith's father, and Mrs. Smith was to have the whole profits of the business—that Geortner, at the expiration of the year, took and appropriated the pails, shovels, sprinklers, puncheons, and other fixtures furnished by the plaintiff in the business, of the value of $300, which he promised plaintiff and his wife to account and pay for, but never did, and has neglected to do so, although often requested. This cause of action is against Geortner alone in his individual capacity, and in no way affects any of the other defendants.

Another cause of action set out in the complaint is, that plaintiff hired the brewery and carried on the brewery under the agreement above mentioned. During the time the brewery business was carried on by the plaintiff under the last mentioned agreement, in Geortner's name, Geortner had and carried away to his own use and used, beer and grain from said brewery, to the amount of $200, and at the end of the year took, sold and appropriated barley, malt, made and manufactured by plaintiff, it being the malt of plaintiff's wife, and plaintiff (their joint property), to the value of $2,100, which he promised plaintiff and his wife to account and pay for, but never did, and has wholly neglec-

ted to account or pay for it. If this property belonged to the plaintiff, as it did, and in the allegations of the complaint, by reason of its having come into his possession and under his control as *the property of his wife under the agreement*, the marriage of plaintiff and his wife having occurred before 1848, and she not having contributed any of her separate estate to the conducting the business, this cause of action is against Geortner alone in his individual capacity and does not affect any of the other defendants.

Another cause of action set out in the complaint is, that Geortner, under the will of Mrs. Smith's father, who died in September, 1838, held as her trustee, certain moneys bequeathed to her by her father, and which he directed should be paid to Geortner for her express benefit,—that soon after plaintiff purchased lot 21, Conajoharie, he used $1,000 of his wife's money, and gave Geortner and his wife a mortgage on said lot to secure the payment,—that Mrs. Smith died in January, 1854, leaving the plaintiff, her husband, and six children, who are named, of whom Henry L. died after his majority, leaving only his wife, Augusta Failing, who is one of the defendants; that another child, Margarett A. died after arriving at full age, and the other four are all living, and are of full age, except Frank, who is seventeen; that Mrs. Smith made a will, the contents of which are not disclosed; that Clarence G. one of the children has released to plaintiff all his interest in any real or personal estate left by his mother; that the children living have cost plaintiff, for clothing, board and education, more than their respective shares in their mother's estate; that plaintiff was not able to earn sufficient to clothe, feed and educate his said children and pay doctors' bills; that plaintiff being embarassed, asked defendant for money to help support his family of children, which Geortner sometimes promised to do, and did not, and sometimes said he could not do; that plaintiff told Geortner he wanted the $1,000 mortgage cancelled, as he was in debt for the support of

his family, and must sell the mortgaged premises to pay his debts, and defendant replied go on and sell it, and I will cancel the mortgage; you have kept and supported the children; that defendant often said he would cancel the mortgage; that the mortgage would not pay one-fourth of the money plaintiff has paid out for clothing, schooling, doctors' bills and expenses paid by him for his children since the death of his wife, and were all plaintiff was able to earn; that plaintiff sold the lot to Vosburgh, relying upon defendants' promise to cancel the mortgage, and gave a warranty deed, and took a mortgage on the lot for $2,000, which he sold to raise money to pay debts incurred for the support of his children; and that defendant asserted, that he has a mortgage on the property and plaintiff called on him to cancel it, and he refuses to cancel it, saying that he will hold it till he is directed by the court to give it up. Now, if the defendant owned this $1,000 mortgage as surviving mortgagee, as his own property, no cause of action is alleged against him, as the promise to cancel the mortgage was without consideration, the past consideration of the support of plaintiff's children was insufficient to support the promise. If defendant held the mortgage as trustee of Mrs. Smith and for the benefit of her children (which is not alleged, and the contents of her will are not disclosed), assuming that plaintiff has an equitable claim for moneys expended in the support of his children, in regard to which there is very great doubt in my mind, then the cause of action is against the defendant as such trustee, and is improperly united with the other causes of action against the defendant in his individual capacity. Conceding that the mortgage is a trust fund in the hands of defendant, Geortner, for the benefit of the plaintiff's children, the allegations in the complaint do not bring the case within the established rule in regard to allowing a father for the past maintenance of his infant children. To entitle a father, even to an inquiry, in regard to the propriety of making

such an allowance, he should state a special case showing the extent of his means at the time such support was furnished, and the particulars of the extraordinary expenditures for the actual benefit of the infants, which created an equitable claim in his favor. In the matter of *Kane* (2 *Barb. Ch.,* 375), I think no cause of action is alleged against the defendant Geortner, or the children of the plaintiff, as to past support. Another cause of action sought to be spelled out from the complaint is, that Geortner is insolvent and unable to pay the money he has received as trustee, and that plaintiff is the assignee of one of the *cestui que trust.* The allegations of the complaint as to the existance and nature of the trust, and who the beneficiaries are, are insufficient to constitute any cause of action in regard to them. If the children of the plaintiff are the *cestui que trust*, they should have been joined as co-plaintiffs with the plaiutiff, or if made defendants, it should have been averred that they had been requested to be made plaintiffs and refused. The complaint is very inartificially drawn. It has been difficult to extract the different causes of action sought to be set up from the disjointed allegations of the complaint, but taking them to be such as I have stated, I am of the opinion that the several causes of action have been improperly united, and that the defendants should have judgment upon the demurrer, with leave to plaintiff to amend on payment of costs.