———o———

JOHN OTTE AND WIFE, Plaintiffs in Error, *vs.* FERDINAND BECTON, *et al.*, Defendants in Error.

1. *Estate of minors—Allowance to parents for past maintenance, when will be granted.*—A court of Chancery may make an allowance out of the estate of minors to their parents for past maintenance by the latter, where they are poor, and the infants are entitled to an estate large enough to admit of it and leave enough for their future education and support. But *semble*, that where the fund is no more than adequate for the education of the infants, such allowance will be withheld.

*Error to Morgan Circuit Court.*

*J. A. Spurlock*, for Plaintiffs in Error.

I. If a mother has maintained her infant child without the order of the court, she will be entitled to a liberal allowance or indemnity for what she has expended, without reference to the infant's fortune, though, if the court be applied to for prospective allowance, regard may be had to his fortune. (Bruin vs. Knott, 12 Simon, 436; see also 6

Ves. Jr., 454; 4 Turner, 118; Elliot vs. Lewis, 3 Edw. Chy., 40; 2 Sto. Eq., 1354–5; 5 Johns. Chy., 497; 2 Saund. Pl. & Ev., 581; Wilkes vs. Rogers, 6 Johns. Ch., 566; In matter of Bostwick, 4 Johns. [N. Y.], 100.)

*W. M. Woods*, for Defendants in Error.

I. Plaintiffs in error are not entitled to recover in this action, because the minors were members of the family at the time the contract of marriage was entered into by plaintiffs, and remained there without any contract for remuneration for the maintenance and services sought to be charged against them. (See Gillett vs. Camp, 27 Mo., 541; Guion vs. Guion, 16 Mo., 48.)

ADAMS, Judge, delivered the opinion of the court.

This was an action in the nature of a bill in chancery to compel the guardian of three minor children, who are made defendants, to pay plaintiffs out of their estate, in his hands, a sum of money alleged to be due for past maintenance.

The leading facts are that John Spotts, the father of said minors, died on the 8th of June, 1863, whilst he was a soldier in the United States Army, and as such entitled to a pension. His wife received the pension after his death up to 1865, when she forfeited it by marrying the plaintiff, John Otte, and the children became entitled to the pension, which amounted to about eleven hundred dollars when this suit was commenced, and is held by their guardian for them.

The widow maintained the children, who were infants, the oldest being only six years of age, up to her inter-marriage with the plaintiff, and then she and her present husband since that time. They claim that it was worth twenty one hundred dollars to maintain the children up to the bringing of this suit, and they ask a judgment ordering that amount to be paid out of the funds in hånd, and out of what may accumulate, each child being entitled to eight dollars per month till they arrive at sixteen years of age. It is alleged, that the mother and step-father are poor and not able to support the children.

The law seems to be well settled, that where the father or mother, or a step-father, maintain infant children, they have no legal right to recover for past maintenance in an action at law, unless it be upon an express promise to pay the same after their arrival at years of maturity.    But a court of chancery may allow it out of their estate, where the parents are poor, and the infants are entitled to estate large enough to admit of it and leave enough for their future education and maintenance.    Each case must depend on its own facts.    Here are three infant children to be educated out of this fund, and it is not more than sufficient for that purpose.    The guardian has the right to appropriate it towards their education and future support, and he ought to do so with the approbation of the Probate Court having jurisdiction over him.    We do not feel at liberty on the facts of this case to order anything to be paid to the plaintiffs.    (See matter of Bostwick, 4 Johns. Ch. 100; Guion vs. Guion's, Adm'r, 16 Mo., 48; Gillett vs. Camp, 27 Mo., 541.)

The Circuit Court dismissed the plaintiffs' petition on technical grounds.    But under the view we take, the plaintiffs have no merits at all; and on this ground the judgment dismissing the petition is affirmed.

The other judges concur.