Tetherow v. The St. Joseph & Des M. Ry. Co.

TETHEROW v. THE ST. JOSEPH & DES MOINES RAILROAD
COMPANY, *Appellant*.

1. **Practice**: NEGLIGENCE. The court cannot properly pronounce
certain facts to constitute negligence as a conclusion of law, unless
no other inference may be fairly and reasonably drawn on the
subject.

2. **Railroad Crossing**: INJURY : CONTRIBUTORY NEGLIGENCE : EVI-
DENCE : RES GESTÆ. In an action against a railroad company for
the death of plaintiff's husband by falling from his wagon while
driving over the last of three tracks of defendant's across a public
highway, where the defense was contributory negligence on the
part of deceased in handling his team and wagon and in other
respects, the condition of the second track over which he drove,
before reaching the third, may be shown as part of the description
of the surroundings, as of the *res gestæ*.

3. ———— : ———— : NEGLIGENCE. It is the duty of a railroad company
whose tracks cross a public highway to keep such crossing in a
reasonably safe condition for the passage of wheeled vehicles, and
where it carelessly and negligently permits the crossing to become
unsafe and dangerous for travel, it is liable for injury to a person
in using the crossing while in the exercise of ordinary care.

4. **Negligence**: ORDINARY CARE. Except in cases where the law
establishes some more exact rule, ordinary care is such as a person
of ordinary prudence and caution, according to the usual and gen-
eral experience of mankind, would exercise in the same situation
and circumstances as those of the person whose conduct, in that
regard, is in question in the given case.

5. **Railroads**: ACTION FOR DEATH OF HUSBAND : EVIDENCE. In an
action against a railroad company by a wife for the wrongful
death of her husband, it is competent for her to state the number
and ages of her minor children.

6. **Practice**: INSTRUCTIONS. A party is bound by the theory of his
case presented by the instructions given at his instance, and the
refusal of one asked by him, inconsistent with those given for him,
constitutes no error. This is so, where no question of public policy
or express statute intervenes.

Tetherow v. The St. Joseph & Des M. Ry. Co.

7. —— : EVIDENCE : RAILROADS. On the trial of an action for personal injury at a railroad crossing, where the defendant, on cross-examination, elicits testimony to the effect that no injury had occurred there before or since the one in question, it is competent on re-direct examination of the witness to show that the crossing had been repaired since the accident.

8. —— : MEASURE OF DAMAGES : STATUTE. In an action by a wife for the death of her husband, under R. S. 1879, sec. 2123, she can only recover such damages as the jury m ay deem just, with reference to the necessary injury resulting from such death, not exceeding five thousand dollars.

9. —— : INSTRUCTIONS. The court is not required in a civil action to instruct the jury on questions of law not suggested at the time by the parties or their counsel.

10. —— : SPECIAL ISSUES. It is not error to refuse to submit special issues to the jury which are embraced in others submitted, or which are immaterial. Only such issues should be submitted as would have a material bearing on the result.

*Appeal from Buchanan Circuit Court.*—HON. J. P. GRUBB, Judge.

AFFIRMED.

PLAINTIFF is the widow of Levi Tetherow deceased. She sues to recover damages under the statute, for the death of her husband, charging that it was caused by defendant's negligence in failing to provide a good and sufficient crossing over its tracks on Fourteenth street in St. Joseph, Missouri. It is alleged that in consequence of this negligence Tetherow was thrown from his wagon while passing over the railroad crossing on a load of wood and received injuries from which he died.

The answer denied these allegations and asserted that Tetherow's injuries resulted from his own carelessness.

Plaintiff replied, denying the contributory negligence.

The case was tried with the aid of a jury. There

was evidence tending to show that defendant had three tracks crossing said street at right angles to it. Deceased approached the tracks from the south upon Fourteenth street. He was driving a pair of mules and seated on top of a load of wood. The wood had been piled lengthwise in an ordinary wagon-bed or box, until the latter was full, then other pieces were placed crosswise upon the top. The wood was thus raised some two or three feet above the top of the wagon-box. There was a stream between the first and second tracks, spanned by a bridge. The defect alleged and place of injury were at the third track, the last one reached by Tetherow in the direction he was going. This third track was neither planked nor level with the roadway, over a portion or all of the width of Fourteenth street. As to the extent of that condition the evidence conflicts. Near by was a depot of defendant's. A good plank crossing over this third track began there and extended toward Fourteenth street. According to defendant's evidence it reached a point about the center of Fourteenth street. According to plaintiff's evidence it reached a point near the beginning of that street, leaving the track, across the whole width of the street, in the negligent condition described.

There was evidence tending to show that deceased drove over the bridge, but in passing the third track his load was jostled out of place, some of his wood rolled down and hit the mules, he was thrown off, run over and killed.

On defendant's part there was evidence tending to show that before he reached these tracks the wood had shifted and begun to fall, and considerable evidence generally tended to show that the injury arose from other causes than the condition of the tracks.

In the progress of the trial plaintiff was allowed to testify to the number and ages of her minor-children.

A witness for plaintiff was asked (on re-direct

examination) whether the railroad company had since repaired the place of the accident, and in reply said: " Yes, it has been graded off since."

Among the instructions given for plaintiff were these:

" 1. The court instructs the jury that if they believe from the evidence that the defendant, before and on the twelfth day of September, 1884, owned two rail-road tracks running across Fourteenth street, in the city of St. Joseph, and that said Fourteenth street was then and there a public street, and used by the public as such, then it was the duty of the defendant to provide and maintain good and sufficient crossings on said street, where said tracks ran across the same, that is, such crossings as enable travelers with wheeled vehicles to pass over said tracks with reasonable safety. And if the jury believe from the evidence that the defendant had at said time, carelessly and negligently permitted the rails of its said track to be and remain several inches above the road-bed and traveled way of said street, and several inches above the ground and road-bed between the rails of said track, and had carelessly and negligently permitted holes and depressions to exist in said street at said crossings, thereby rendering said crossing unsafe, dangerous and unfit for travel, and that on September 12, 1884, said Levi Tetherow was driving his wagon and team along said street, at said crossing, and that said wood was then and there in a reasonably proper and safe condition on said wagon, and that by reason of said condition of said crossing his wagon was jarred and jostled, and by said jarring and jostling he was, while using ordinary care, thrown from his wagon and killed, and that plaintiff was, at the time of his death, his wife, then the jury will find for plaintiff."

" 3. The jury are instructed that if you find for the plaintiff, you may, in your verdict, give her such damages, not exceeding five thousand dollars, as you

may deem fair and just under the evidence in the case, with reference to the necessary injury resulting to her from the death of her husband."

"7. Negligence is the failure on the part of a person or corporation to take such precautions, and observe such care, as ordinarily prudent persons take or observe under a given set of circumstances, and taking such precautions as aforesaid is ordinary care."

The court, at the request of the defendant, gave to the jury, among others, the following instructions, viz:

"A. Before the plaintiff is entitled to recover in this case, it must appear by a preponderance of the evidence to your satisfaction, that the injury was occasioned solely by the alleged defect in the crossing in proof, without any fault, neglect or mismanagement, or want of ordinary care and attention on the part of the driver, in guiding and controlling the movements of the team, contributing to cause or bring about the same."

"D. If you find from the evidence that at the time of the accident in proof, the crossing over defendant's track was in such a condition that a person exercising ordinary care and bestowing ordinary attention to the road and to the movements of his team, could drive along over said street in perfect safety, your verdict must be for the defendant."

"H. If you find from the evidence that the deceased was sitting on the top of a load of wood, driving his team, that before reaching defendant's track, the wood, in driving to that point, had been jostled out of place to such an extent as that it was then insecurely loaded, and in danger of falling off, that the deceased did not look to see how the wood was riding, nor stop to adjust and fix the same, but drove on, and that in consequence of the shape and insecure position in which the wood lay on said wagon when it arrived at the crossing, some of it tumbled off and struck the mules, causing them to become unmanageable, and to run off,

thereby causing the accident, your verdict must be for the defendant."

The court refused the following instruction, tendered by defendant:

"13. If the jury believe from the evidence that defendant's track mentioned had two crossings, one at the point where Tetherow crossed at the time he was hurt, the other but a few feet easterly ; that the condition and location of each were well known to him, at and prior to that time ; that the former was rough, difficult and dangerous, that the latter, but a few feet distant, was easy, convenient and reasonably safe for his team and loaded wagon to pass over, that on approaching these two crossings he was free to choose between them for his passage, and could rightfully pass over the better one, without delay or obstruction, or serious inconvenience to himself or others, and that he could have passed safely over the east crossing if he had so elected to pass, and in doing so had used ordinary and reasonable care, then your verdict must be for defendant."

The jury returned a verdict for plaintiff for twenty-nine hundred dollars, together with the following special findings, viz:

"Q. 1. Was not Tetherow caused to fall off his wagon by the wood on which he was sitting rolling down off the wagon, carrying him with it ? A. Yes.

"Q. 2. At the time that Tetherow fell from his wagon, was the team beyond his control ? A. No.

"Q. 4. At the time that Tetherow fell from his wagon, was his team going rapidly down off the crossing ? A. No.

"Q. 5. Would Tetherow have fallen down, off his wagon, if the wood had been securely loaded upon the wagon at the time he was driving onto and over said crossing ? A. Yes.

"Q. 6. Was not the crossing over the defendant's

track in such a condition that persons driving along said street, by exercising ordinary care and attention, could, without difficulty, pass safely over the tracks? A. No.

"Q. 7. Was Tetherow in the exercise of ordinary care in driving on said crossing with his load of wood, in the position and condition it was in when he got to the crossing? A. Yes.

"Q. 8. Could Tetherow have driven, without difficulty, in safety over the defendant's tracks, if his wood had been properly and securely loaded upon his wagon at the time he arrived at and attempted to pass over said crossing? A. No.

"Q. 9. Was not the team startled and caused to run by reason of the wood rolling down off the wagon and striking them? A. Yes.

"Q. 11. When Tetherow reached the defendant's south track, at said crossing, had his wood shifted out of place so as to be insecurely loaded, and in danger of falling? A. No.

"Q. 13. Was there a good, safe and easy crossing of defendant's north track a few feet east of the point where Tetherow drove across said track? A. No.

"Q. 14. Did Tetherow, at the time, know the condition of both crossings of said north track? A. No.

"Q. 15. Was said easterly crossing of said north track open, unoccupied and accessible to Tetherow at that time? A. No."

The court refused to submit to the jury for findings, the following questions offered by defendant:

"Q. 3. Was not Tetherow's fall from the wagon caused by the fact that he had momentarily lost control of his team, which was moving rapidly down from the crossing, and by the wood sliding out from under him while he was trying to check or stop his team?

"Q. 10. Would Tetherow have fallen from his wagon if he had not momentarily lost control of his team and was unable to check or stop them?

"Q. 12. Could Tetherow have driven, without difficulty, over the defendant's tracks in safety, if, when he got to, and before he entered upon the tracks, he had stopped his team and had straightened up, or readjusted the wood upon his wagon?

"Q. 16. Would he have been delayed seriously in passing over the east crossing, or his journey lengthened materially?"

After ineffective motions for judgment notwithstanding the general verdict, for new trial and in arrest of judgment, the defendant appealed.

*Strong & Mosman* for appellant.

(1) The special findings returned by the jury, in answer to the questions submitted to them, are in conflict with all the evidence given in the case, are inconsistent with each other, and with the general verdict. Such conclusions of fact could only be reached through an entire misapprehension of the evidence, or a total disregard of it. *Railroad v. Shannon*, 33 Kas. 447; *Railroad v. Webber*, 33 Kas. 554; *Railroad v. Fray*, 31 Kas. 749; *Damrill v. Railroad*, 27 Mo. App. 202. (2) It was error to give the plaintiff's first instruction, because: (*a*) There was no evidence upon which the jury could base a finding of material facts hypothecated therein; (*b*) while it purported to do so, it did not cover the entire case; (*c*) it was inapplicable to the facts shown in the evidence. (3) The giving of plaintiff's third instruction was error. The jury should have been told that in arriving at the necessary injury resulting in such death, they should consider the mitigating circumstances attending the wrongful act.

*Owens v. Brockschmidt*, 54 Mo. 289. (4) It was error to refuse defendan t's thirteenth instruction. The point presented therein was not covered by any of those given to the jury. It was negligence in Tetherow to fail fail to exercise ordinary care in selecting the place where he could cross over defendant's tracks. If there was a good crossing a few feet east of where he crossed that track, it was his duty to make use of it, and negligence in him not to do so. If not negligence *per se*, it was certainly evidence sufficient to justify the submission of the question to the jury. *Hartman v. Muscatine*, 70 Iowa, 511 ; *Brown v. Glasgow*, 57 Mo. 159. (5) The court erred in permitting the plaintiff to testify over the defendant's objection, the number of children she had. Such evidence was wholly irrelevant. *Roy case*, 102 U. S. 458. (6) The court erred in admitting evidence as to the condition of the main or middle track. As the accident happened on the north track, such evidence was wholly irrelevant. *Kinney v. Railroad*, 70 Mo. 243. (7) Plaintiff should not have been permitted to give evidence as to any repairs made at said crossing. Such evidence was wholly irrelevant. *Iron Works v. Kimbal Twp.*, 52 Mich. 146 ; *Morse v. Railroad*, 30 Minn. 465.

*Green & Burnes, James W. Boyd* and *J. L. Sutherland* for respondent.

(1) The special findings are fully sustained by the evidence ; are perfectly consistent with each other, and with the general verdict, and show that the jury which tried the case was composed of more than ordinary intelligence and fairness. The cases cited by appellant are not in point. *Turner v. Railroad*, 23 Mo. App. 13. (2) There was abundant evidence upon which to base the first instruction ; it covered the whole case, and was applicable to the facts shown in evidence. That instruction was favorable to defendant ; it submitted to the jury among other matters the question of the care exercised

by deceased at the time of the injury ; this it need not have done ; whether he was careful or not is a matter of defense. *Donovan v. Railroad,* 89 Mo. 147 ; *Parsons v. Railroad,* 94 Mo. 286 ; *Owens v. Railroad,* 95 Mo. 169. (3) The third instruction for the respondent is exceedingly favorable to appellant. There are aggravating and no mitigating circumstances in this case, yet the jury in estimating the damages were confined, by this third instruction, to such damages as necessarily resulted to respondent by the death of her husband. Under no circumstances, if she is entitled to recover at all, would the law require her to take a sum less than compensation for the injury which necessarily resulted to her from his death. By this instruction plaintiff's damages are compensatory only. (4) It was no error to refuse appellant's thirteenth instruction. No question of care or negligence is submitted by it. It assumes that the facts therein hypothetically stated, in and of themselves, constitute negligence. To have given it would have been a glaring error. *Donovan v. Railroad,* 89 Mo. 150. (5) No error occurred in the admission of testimony.

BARCLAY, J.—There was ample evidence for plaintiff tending to establish negligence on the part of defendant in failing to have a good and sufficient crossing ( of the kind required by law, R. S. sec. 807) at the point where Tetherow was killed. There was also abundant evidence from which the jury might properly have found that deceased was negligent in the premises ; but the facts were not such as justify the court in declaring as matter of law that he was negligent. Without attempting any extended review of the evidence it may briefly be stated that in view of the heavy load deceased was hauling and of the condition and grade of the street approaching the point of the accident and all the circumstances, it cannot justly be said that no inference but that of his negligence could be drawn from the fact

that he did not change the direction of his team toward the east, after passing the bridge, and thus reach the plank crossing near the depot. His wagon struck the track within the limits of the traveled street and his omission to turn out as indicated may not have been inconsistent with ordinary care. The court cannot properly pronounce certain facts to constitute negligence as a conclusion of law unless no other inference may be fairly and reasonably drawn on the subject.

The evidence offered to show the condition of the second track crossed by Tetherow before reaching the third (where the injury took place) was admissible as part of the description of the surroundings, as of the *res gestæ.*

The defense was negligence on the part of deceased in handling his team and wagon and in other respects. It was hence proper to inform the jury of the condition, grade and general features of the street over which he drove just before reaching the point of injury.

There was evidence sufficient to support instruction number 1, given for plaintiff, and we regard it as correctly stating the law applicable here. Instruction number 7, defining negligence, was also sufficiently accurate. Ordinary care generally depends on the facts of the particular case. Except in those instances where the law (by express terms or otherwise) establishes some more exact rule, ordinary care is such as a person of ordinary prudence and caution, according to the standard of the usual and general experience of mankind, would exercise in the same situation and circumstances as those of the person whose conduct, in that regard, is in question in the given case.

There was no error in permitting the plaintiff to state the number and ages of her minor children. The father during his life (in the absence of any showing qualifying that liability) was bound to maintain the children. On his death and during her widowhood, at

least, this liability was cast upon the mother according to the present law of Missouri, whatever may have been the rule at the common law, regarding which great differences of opinion have been expressed. *Furman v. Van Sise*, 56 N. Y. 435; *Nightingale v. Withington*, 15 Mass. *272; *Guion v. Guion's Adm'r*, 16 Mo. 48; Reeve's Dom. Rel. (Parker & Baldwin's 3d Ed.); Schouler's Dom. Rel., sec. 254. Hence it was proper to show the extent of this burden which the father's death placed on the plaintiff.

The refusal of defendant's instruction number 13 was not error. The instructions given at the instance of defendant submitted to the jury the whole question of the actions of the deceased in the premises ( with reference to care or negligence ) as an issue of fact. The court was therefore justified in declining to separately submit a group of the same facts involved in a form which assumed the issue arising therefrom to be one of law only. Without deciding upon the correctness of the refused instruction, we think the defendant was bound by the theory presented by the instructions given at its instance. The refusal of another, thus inconsistent therewith, was no error. When no question of public policy or express statute intervenes, parties are bound by the law as contained in the instructions they offer.

Defendant objects to the evidence given by the witness who said that since Tetherow's death the place had been graded off. This fact was first developed on the re-direct examination of the witness. It was proper by way of explanation of the cross-examination, in the course of which the following questions were asked and answers given at the instance of defendant's counsel :

" Q. Did you ever know of any other accident happening to anybody at this crossing ? A. No, sir.

" Q. Never heard of any other or knew of any other ? A. No, sir.

" Q. Neither before nor *since ?* A. No, sir."

In view of this line of examination by defendant it became permissible for plaintiff to show that no injury had since occurred there because the place had been since repaired. Defendant is therefore not in position to complain of that ruling.

The instruction given by the court in regard to the measure of damages was correct as far as it went. Plaintiff was entitled ( under our statute on the subject ) to recover such damages as the jury might "deem just, with reference to the necessary injury resulting from such death," not exceeding five thousand dollars. R. S. sec. 2123.

If defendant's counsel thought, as is now claimed, that there were circumstances mitigating the damages, that question should have been presented to the trial court by an instruction embodying that idea. This was not done. The court is not required in a civil action to instruct the jury on questions of law not suggested at the time by the parties or counsel.

The action of the trial court on the special issues furnishes no just ground of exception. Of those which the court refused to submit that numbered 3 was included in those submitted. Those numbered 10, 12 and 16 (so far as not embraced in the questions answered) were immaterial and properly refused for that reason.

The law regarding these special findings contemplated only the submission of such issues as would have a material bearing on the result. It was not designed to require answers to questions concerning every detail of disputed evidence. When the proposed question might be answered affirmatively or negatively, without affecting the general verdict it should manifestly have been rejected. Many of the questions submitted in the present instance might have been properly refused. There was no inconsistency between the material findings and the general verdict.

The damages awarded (twenty-nine hundred dollars) are not excessive in view of the regular earnings of the deceased, his age and the expectations of life of husband and wife respectively. The assignments of error are not well taken. The judgment is affirmed. SHERWOOD, J., absent; the other judges concur.