J. H. THARP, Appellant, v. JOHN CONNELLY, Respondent.

Kansas City Court of Appeals, February 8, 1892.

Infancy: NON-LIABILITY FOR NECESSARIES.   Where medical services are rendered to an infant, at the instance and on the credit of his widowed mother, with whom he lives and for whom he works, he he will not be liable therefor, though such services were necessary.

*Appeal from the Gentry Circuit Court.*—HON. C. H. S. GOODMAN, Judge.

AFFIRMED.

*Ed. E. Aleshire*, for appellant.

The evidence conclusively shows that the note sued·
upon was given for necessary medical treatment to the
defendant in a case of typhoid pneumonia. A stronger
case of actual necessaries could not be presented. Con-
tracts of infants for necessaries are neither void nor
voidable, but are permitted to be made as a matter of
necessity. 1 Parsons on Contracts [3 Ed.] 244–5. The
instruction should have been given, because if the note
was executed for necessary medical treatment plaintiff
was entitled at least to recover the reasonable value of the
services. This note being given for necessaries, the con-
sideration was, doubtless, open to inquiry, and plaintiff
had a right to recover the reasonable value of the ser-
vices performed by him, or necessaries furnished, and
in that event defendant received all the advantage he
was entitled to in consideration of having been a minor,
when the note was given. 1 Parsons on Notes & Bills,
69, and note K.

*McCullough, Peery & Dalbey*, for respondent.

"An infant is not liable for necessaries when he
lives under the roof of his father, who provides every-
thing which seems proper, and so when he is supplied
by a guardian or widowed mother. The parent or legal
protector having the means and being willing to furnish
all that is necessary, the infant can make no binding
contract." Schouler's Dom. Rel. [Ed. 1882] sec. 413;
*Paul v. Smith*, 41 Mo. App. 275; *Guion v. Guion's
Adm'r*, 16 Mo. 48; *Johnson v. Barnes*, 29 N. W. Rep.
759; *Academy v. Bobb*, 52 Mo. 356; *Whitehead v.
Railroad*, 22 Mo. App. 60; *Craig v. Van Bebber*,
18 Am. St. Rep. 573, where the whole law of infancy is
collated.

GILL, J.—Plaintiff, a physician, sued the defend' at
on a promissory note given for alleged medical services,

The defense was, that at the date of the services, as well as at the time the note was made, defendant was a minor, residing with, working for and being supported by his widowed mother. The judgment below was for the defendant, and plaintiff appealed.

The evidence of defendant Connelly stands undisputed. He testified as follows: "I was born May 16, 1863, and was an infant under the age of twenty-one years, being seventeen years old when the services sued for in this case were rendered by the plaintiff, and at that time was living with my mother on a farm in Linn county, Missouri. I had always lived with my mother, and had never done any business on my own account or for myself, but was working for my mother on the farm. My mother was a widow. I had no legally appointed guardian at the time. I also lived with my mother on a farm at the time plaintiff attended me as a physician. I did not send for plaintiff to come and see me, but he was sent for by my mother to see me and other members of the family who were sick at the same time."

Upon such a showing as this, the finding and judgment must necessarily have been for the defendant. Admitting the services performed, and the medicine furnished to come within the term *necessaries*, yet for these, under the above facts, the infant's widowed mother was bound, and it seems she so regarded her duty, since the evidence shows she requested the same, and they were clearly supplied on her credit. Schouler, Dom. Rel., sec. 413; *Guion v. Guion's Adm'r*, 16 Mo. 52; *Tetherow v. Railroad*, 98 Mo. 84.

The judgment being for the right party on the admitted facts is affirmed. All concur.