MARY FITZSIMMONS, Appellant, v. JOHN M. FITZ-SIMMONS (minor), et al., Respondents.

St. Louis Court of Appeals, November 28, 1899.

1.  **Suit for Past Maintenance:** AGAINST GUARDIAN AND INFANT: BEFORE JUSTICE OF THE PEACE.   Under the facts in this case, plaintiff will either have to apply to a court of equity for relief or the probate court where the guardianship is pending.   Either court would have power, and should, if the facts are as claimed, order a reasonable allowance for the past maintenance of the child provided the estate after paying the allowance is ample for his future maintenance and education.

2.  ——— : ——— : NO JURISDICTION.   Only a court of equity or probate court where the guardianship was pending, could take jurisdiction of the subject-matter of the suit and the lower court decided correctly.

Appeal from the St. Louis City Circuit Court.—*Hon. Pembrook R. Flitcraft,* Judge.

AFFIRMED.

*John J. O'Connor* for appellant.

(1)   Circuit courts and justices of the peace, within their proper limits, have jurisdictions of actions against minors for

necessaries. And the proper steps were taken at the commencement of this suit to give the justice jurisdiction in this, the minor was personally served with summons in due time, and on his appearance at the return day, a guardian *ad litem* was appointed for him who in due time filed his consent in writing to act. Hence it was error for the circuit court to refuse jurisdiction. R. S. 1889, sec. 6197; Session Acts of 1891, p. 176; Horstmeyer v. Connor, 51 Mo. App. 394; Paul v. Smith, 41 Mo. App. 280. (2) The justice having acquired jurisdiction could not lose it through bringing in the curatrix which was only an act of extra caution. Besides the statutes do not exempt a curatrix from the jurisdiction of a justice of the peace. R. S. 1889, sec. 6124. (3) Under sec. 3397, R. S. 1889, the probate court can give a curator credit, in his settlement with his ward, for money paid for the ward's board, but where the curator refuses to pay a board bill for the ward, the probate court can not entertain a suit against either the curator or ward to enforce the payment of such bill, and sec. 5305 R. S. 1889, does not change this rule in the least. (4) If the instructions were given on the theory that the plaintiff occupied the relation of *loco parentis* to the minor, this would be error because a recovery can be had in a court of law by a person standing in the position of *loco parentis* to a minor for necessaries furnished the minor if at the time of furnishing them there was an intention of charging for same. In re Tucker, 74 Mo. App. 338; Paul v. Smith, 41 Mo. App. 280.

*C. S. Broadhead* for defendant.

(1) The father alone is liable for necessaries furnished the child. Schouler's Domestic Relations [2 Ed.], side page 318; 1 Blackstone's Commentaries, 447; 2 Kent's Commentaries, side page 139 *et seq.*; Paul v. Smith, 41 Mo. App. 279; Van Valkinburgh v. Watson, 13 Johns. 480; Forsyth v. Gonson, 5 Wend. 563. (2) A guardian can do no act affecting

the person or property of a minor unless under the express or implied direction of the court. 2 Story's Eq. [5 Ed.], sec. 1353; Forster v. Fuller, 5 Mass. 299. (3) There could be no judgment in this case against the curatrix as such. (4) If the object is to charge the infant's estate on the ground that its estate is large and the father was unable to provide it board and maintenance, the proceeding should have been in equity. Otte v. Becton, 55 Mo. 99.

BIGGS, J.—The defendant, John M. Fitzsimmons, is a minor. Suit was brought against him by the plaintiff for past maintenance. His guardian was also made a party. The plaintiff claims that John M. when an infant was delivered to her by his father to care for, with the understanding that she would be paid for the trouble and expense out of the property which the child would receive from the estate of his deceased mother. After the property of John M. had been received by his guardian, this action was instituted against him and the guardian before a justice of the peace. The justice dismissed the cause for want of jurisdiction, and on appeal the circuit court entered the same order, and the plaintiff has brought the case here for final determination.

The appellant has cited us to no case, and we know of none which holds that the appellant under the circumstances stated, may maintain an action at law against the defendant and his guardian. The decision of the Kansas City Court of Appeals in Paul v. Smith, 41 Mo. App. 275, seems to give countenance to such an action for necessaries furnished the minor when the latter is of sufficient age to absolve himself from the authority of his parent and does so without any necessity occasioned by the parents. If in the case at bar the facts are as claimed by the plaintiff, she will either have to apply to a court of equity for relief (Otte v. Becton, 55 Mo. 99), or to the probate court where the guardianship is pending (Guion v. Guion, 16 Mo. 52; State v. Martin, 18 Mo. App. 468). Either

court would have the power, and should, if the facts are as claimed and the father is poor, order a reasonable allowance for the past maintenance of the child, provided the estate, after paying the allowance, was ample for his future maintenance and education.

The judgment of the circuit court will be affirmed. All the judges concur; *Bland* in result only.