# COURTS — EXECUTORS AND ADMINISTRATORS — PARENT AND CHILD.

[Hamilton (1st) Circuit Court, November 18, 1905.]

Jelke, Swing and Giffen, JJ.

## PETER SPINK v. ALPHONSA SPINK.

1. SPECIAL JURISDICTION CONFERRED ON PROBATE COURT BY REV. STAT. 6100 (LAN. 9639) ET SEQ., INCLUDES NECESSARILY INCIDENTAL EQUITABLE JURISDICTION.

The jurisdiction of the probate court provided for by Rev. Stat. 6100 (Lan. 9639) et seq., to allow or reject claims made by an executor or administrator against the estate he represents, carries with it such equitable jurisdiction as is necessary to a full and complete exercise of the powers specifically conferred.

2. COURT WILL MAKE ALLOWANCE TO MOTHER OUT OF DECEASED CHILD'S ESTATE FOR PAST SUPPORT, UNDER EXTRAORDINARY CIRCUMSTANCES.

While it is the general rule that no allowance will ordinarily be made to either a father or mother out of the estate of their deceased minor children for their past maintenance and support, yet where it appears that a mother was furnishing such support, and has no estate, or an estate small and trifling in comparison to that of the minor, and that the maintenance given to the minor for his benefit was under circumstances practically coercive on the mother, and that in doing so she was compelled to assume a burden not naturally and legally hers alone, such allowance may be made.

3. DEFECT IN APPLICATION UNDER REV. STAT. 6100 (LAN. 9639) MAY BE CURED BY THE EVIDENCE.

Even should an application under Rev. Stat. 6100 (Lan. 9639), for an award to a mother out of the estate of her deceased minor child be insufficient to make out a case for the application of the special equitable jurisdiction of the court, the decree will not be disturbed on review if the evidence adduced was sufficient for that purpose.

ERROR to Hamilton common pleas court.

O. H. Fisk, for plaintiff in error.

Bates & Meyer, for defendant in error.

JELKE, J.

These [two] cases arose in the probate court on the application of Alphonsa Spink, administratrix of the estates of Alfred Spink and Alphonse Spink, respectively, under provision of Rev. Stat. 6100 (Lan. 9639):

"Whenever an executor or administrator shall present to the probate court for its allowance, any debt or claim of which he is the owner, against the estate which he represents, amounting to fifty dollars or more, the court shall fix a day, not less than four weeks nor more than six weeks from the presentation of the said debt or claim,

Spink v. Spink.

when the testimony touching said debt or claim shall be heard; and the court shall forthwith issue an order, directed to said executor or administrator, requiring him to give notice in writing to all the heirs, legatees, or devisees of said decedent interested in said estate, and such creditors as are therein named, which notice shall contain a statement of the amount claimed, and designate the time fixed for hearing the testimony, and shall be served upon the persons named in said order at least twenty days before the time fixed for such hearing; and if any of the persons mentioned in said order are nonresidents of the county, service of said notice may be made upon them by publication for three consecutive weeks in a weekly newspaper, published or circulating in said county; all of the persons named in the order shall be deemed parties to the proceeding, and any other person having an interest in the estate, may come in and be made a party thereto.''

Said application is in words as follows:

''Alphonsa Spink, administratrix, represents that she is the mother of the decedent, who died April 29, 1902, at the age of thirteen years, leaving no brother or sister nor descendants thereof.

''That on June 14, 1897, this applicant was divorced from Peter Spink, the father of decedent, for his aggression, and that ever since then and for over three years before, in all over eight years, she has had the sole care and expense of clothing, supporting, housing and schooling of said minor by her own efforts and out of her own means, which are very small. That said expense has amounted to over one hundred and fifty dollars per year. That there are now unpaid debts of said estate, and she therefore prays the court to allow her said claim.''

On said application, these claims in due course were allowed and approved by said probate court, error to which allowance was prosecuted to the court of common pleas, and there affirmed, and error to such judgment of affirmance is now prosecuted to this court. It is contended:

First. That the probate court has no jurisdiction under the provision of Rev. Stat. 6100 (Lan. 9639) to pass upon question necessarily involved in the allowance of these claims, but that the same could only have been adjudicated in separate actions for that purpose, brought in a court of chancery.

Second. Under Rev. Stat. 3140-1 (Lan. 4841), ''When husband and wife are living separate and apart from each other, or are divorced, and the question as to the care, custody and control of the offspring of their marriage is brought before any court of competent

Hamilton County

jurisdiction in this state, that the father and mother of said children shall stand upon an equality before the courts as to the care, custody and control of said offspring, so far as it relates to their being either father or mother of said children." The mother and father as to the support and maintenance of children after divorce, stand on an equality before the law, and are equally bound to support and maintain their minor children, and that by reason of this provision, Alphonsa Spink could acquire no claim against the estate of her children for their support and maintenance.

It is contended on behalf of the plaintiff in error that Alphonsa Spink might in a proper case have had a claim against Peter Spink, the father, for the amount expended in the maintenance and support of their minor children, under the rule of *Fulton* v. *Fulton*, 52 Ohio St. 229 [39 N. E. Rep. 729; 29 L. R. A. 678; 49 Am. St. Rep. 720], the syllabus of which is as follows:

"Where a divorce, *a vinculo*, has been granted to a huband on account of the aggression of the wife, and the minor children of the parties assigned to the custody of the divorced wife, without an order respecting their maintenance, and while so in her custody she furnished to them necessaries, she cannot recover against her former husband, their father, for her expenditures in this behalf, in the absence of proof of a promise by him to pay for such necessaries or of a request that they should be furnished to the children."

Or still a stronger claim and case under *Pretzinger* v. *Pretzinger*, 45 Ohio St. 452 [15 N. E. Rep. 471; 4 Am. St. Rep. 542]:

"The obligation of the father to provide reasonably for the support of his minor child, until the latter is in a condition to provide for his own support, is not impaired by a decree which divorces the wife *a vinculo*, on account of the husband's misconduct, gives to her the custody, care and nurture of the child, and allows her a sum of money as alimony, but with no provision for the child's support."

Third. It is further contended that whatever order a court of chancery or a court of probate in a proper case might make in regard to the continuing maintenance, support, and education of minors, and expenditures of their estate for these purposes, that under no circumstances would an allowance be made charging such minors' estate for past maintenance and support. The rule in this regard as most generally observed in this country is laid down in *Kane, In re*, 2 Barb. Ch. 375; opinion per Chancellor Wallworth:

"The English court of chancery formerly adopted a very rigid rule in relation to past maintenance by the father, by refusing to make

Spink v. Spink.

a retrospective order in any case. It *seems* however, that the proper rule here is for the court to direct an inquiry as to the propriety of allowing for past maintenance, where a special case is made; but not to direct such an inquiry, as a matter of course, upon a mere petition showing the inability of the father to support his children, at the time such support was furnished them.

"To entitle the father even to an inquiry as to the propriety of making an allowance for past support of his infant children, he should state a special case, showing the extent of his means at the time such support was furnished, and the particulars of the extraordinary expenditures, for the actual benefit of the infants, which create an equitable claim in his favor."

Also see the case of *Wilkes* v. *Rogers*, 6 Johns. 566, at page 594:

"As to the objection that an allowance cannot be made for past time, the respondent's counsel appeared to abandon it. The decisions are, conclusively, that an allowance may retrospect. Lord Thurlow, who first laid down the rule that allowances should not be for time past, stands alone. Those who went before, and came after him, upon solid and just principles, made no distinction between the time past and the time to come."

In *Smith* v. *Geortner*, 40 How. Pr. 185, the second proposition of the syllabus is as follows:

"To entitle a father to an inquiry as to the propriety of making an allowance to him for the past maintenance of his infant children, he must state a special case, showing the extent of his means at the time such support was furnished, and the particulars of the extraordinary expenditures for the actual benefit of the infants which created an equitable claim in his favor."

In *Besondy, In re*, 32 Minn. 385, 387 [20 N. W. Rep. 366, 367; 50 Am. Rep. 579]:

"The obligation of parents to support their minor children having a separate income is thus summarily stated: 'The father is bound to support his minor children if he be of ability, even though they have property of their own; but this obligation in such a case does not extend to the mother,' 2 Kent's Commentaries 191. In other words, the rule is not so rigorous in the case of the mother; and if the child has property, the mother is not bound to provide for its maintenance where the father would be. 1 Parsons, Contracts 309."

In *Osborne* v. *Van Horn*, 2 Fla. 360:

"It may be regarded as established by the English and American

### Hamilton County.

decisions, that a mother is entitled to an allowance for the maintenance of her children out of their fortunes, especially where her own fortune is inadequate.

"In general this allowance is to be confined to the annual income, and should not extend beyond it; but where the property is small and more than the annual income is necessary for the maintenance of the infants, the court will sometimes allow the capital to be broken in upon."

In *Freybe* v. *Tiernan,* 76 Tex. 286, 290 [13 S. W. Rep. 370]:

"It is a sound principle that the *corpus* of the estate of an infant should not be entrenched upon for his support and education, so long as the income is sufficient for that purpose; but it is held that, when the means of the parent are not ample, expenditures by the parent for the support and education of a minor child may be made a charge upon the body of the estate, provided it be so small that the income is wholly inadequate for the purpose. *Bostwick, In re,* 6 Johns Ch. 100; *Osborne* v. *Van Horn,* 2 Fla. 360."

And *Otte* v. *Becton,* 55 Mo. 99, 101:

"The law seems to be well settled, that where the father or mother, or a step-father, maintain infant children, they have no legal right to recover for past maintenance in an action at law, unless it be upon an express promise to pay the same after their arrival at years of maturity. But a court of chancery may allow it out of their estate, where the parents are poor, and the infants are entitled to estate large enough to admit of it and leave enough for their future education and maintenance. Each case must depend on its own facts. Here are three infant children to be educated out of this fund, and it is not more than sufficient for that purpose. The guardian has the right to appropriate it towards their education and future support, and he ought to do so with the approbation of the probate court having jurisdiction over him. We do not feel at liberty on the facts of the case to order anything to be paid to the plaintiffs."

It appears from these cases that the general rule is, that no allowance should be made to either father or mother out of the estate of their deceased minor children for their past maintenance and support except in special cases.

Counsel for plaintiff in error misconstrues these authorities when he contends that this means that there must be brought a separate action in a court of chancery to secure the allowance of these claims, or the same cannot be allowed under Rev. Stat. 6100 (Lan. 9639).

The special case which makes the allowance of a claim an exception

Spink v. Spink.

to the general rule is one of special circumstances in which it must appear that the parent, mother or father, who was furnishing such support, had little or no estate, or an estate small and trifling in comparison to the estate of the minor, and that the support and maintenance was given to the minor for the minor's benefit under circumstances and conditions which were coercive upon such mother, and where in doing so she was compelled to assume a burden which was not naturally and legally hers alone. When such claim is made and presented in a probate court, under Rev. Stat. 6100 (Lan. 9639), we are of opinion that it is properly within the jurisdiction of that court.

*Clapp* v. *Banking Co.* 50 Ohio St. 528 [35 N. E. Rep. 308], opinion per Spear, J., at page 537:

"Although the probate court is of limited and statutory jurisdiction, it is, we think, a mistake to suppose that it has no equity powers unless the same are expressly conferred. A power given to make a particular order implies authority to hear and dispose of all questions which it is necessary to have settled before the making of such final order, unless the needed authority is distinctly denied."

The jurisdiction conferred by Rev. Stat. 6100 (Lan. 9639) must draw to it such chancery jurisdiction necessary to a full and complete exercise of the jurisdiction specially conferred. Hence, in the consideration of an application properly brought under Rev. Stat. 6100 (Lan. 9639), the court of probate exercises all necessary and sufficient chancery powers to work out full and complete justice in the premises.

The question has been raised as to whether the application in this case contains sufficient allegations to make out a special case, and we are inclined to think that it does; but whether it does or not, an examination of the record shows that at the hearing, the evidence fully made out a special case justifying the probate court in applying the exception rather than the general rule. In the absence of particular objection and exception, the decree cures whatever insufficiency there may have been in the application.

It appears from the record that Alphonsa Spink was divorced from her husband for his aggression, and that the custody of the two children, Alphonse and Alfred, was confided to her, and that she for more than eight years supported and maintained these infants without any assistance from their father. During all this time Alphonsa Spink had almost no estate, but was dependent upon her own labor and exertion. While the duty of the father and his culpable dereliction in this regard would not be competent in a suit at law between Alphonsa

Hamilton County.

Spink and the legal representative of the estates of said minors, yet in chancery in considering whether or not such special case has been made out as to justify the chancellor in applying the exception as to past maintenance and support it is competent for the chancellor to remember that in the event of the application being denied, one-half of the small estates of these deceased minors would go to the father, Peter Spink, who had at all times been neglectful and derelict in his duty as to their maintenance and support, and who by his aggression had thrust this unnatural and heavy burden upon Alphonsa Spink.

We are, therefore, of the opinion that these cases come fairly within the exception as to special cases, and the probate court did right in allowing these claims, as likewise did the court of common pleas in affirming said judgment; and its judgment is affirmed.

**Swing** and **Giffen, JJ.,** concur.